THE ALTON AND SANGAMON RAILROAD COMPANY, Appellant, v. GEORGE BAUGH, Appellee.

APPEAL FROM SANGAMON.

After the assessment and payment of damages by a railroad company, for the right of way, such company is not bound to make fences on either side of the road.

After the condemnation of land and the payment of damages, the proprietor of the land over which the road passes, would be prohibited from placing any obstruction upon the land, or from making cattle guards under or along the road.

THIS cause was heard before T. L. DICKEY, Judge, at August term, 1852, of the Sangamon Circuit Court.

This was an appeal to the Sangamon circuit court, from an assessment of damages for the company's right of way over Baugh's land. In the circuit court, the jury returned a verdict in favor of Baugh for $480, on which the court rendered judgment, and from which the railroad company appealed. The only question made in this court, arises on the bill of exceptions taken at the trial, which is in the words and figures following, to wit : —

Be it remembered, that in the trial of this cause, on the motion of the plaintiff, the court instructed the jury, " that after the assessment and payment of damages in the case, the railroad company will not be bound to make fences for Baugh, on either side of the road to make cattle guards for him across the road ; nor will Baugh have a right without the consent of the company, to make cattle guards across or under said road."

To the giving of which instructions, and to each of the propositions therein separately, the defendant then and there excepted.

The jury returned a verdict in damages of $480 in favor of the plaintiff.

The defendant moved the court for a new trial, on the ground that the above instructions were improperly given; which motion the court overruled, and gave judgment on the verdict; to which overruling and judgment the defendant then and there excepted.

LINCOLN and HERNDON, for appellant.

S. T. LOGAN, for appellee.

TRUMBULL, J. This case involves two propositions. First, whether after the assessment and payment of damages by the railroad company for the right of way across a person's land, such company is bound to make fences for the owner on either side of the road; and secondly, whether the owner has authority, without the company's consent, to make cattle guards across or under the road.

We know of no principle of the common law, and there is certainly no statute which compels one person or corporation to fence the land of another. It was never supposed, when a public highway was laid out, that the owners of lands over which it passed, would have any right to require the authority by which it was constructed, to inclose it by fences; and yet there is no distinction in principle between the obligation to fence a public highway and a railroad; and the obligation to construct cattle guards, which are a species of fence, is of the same character.

Upon the second point, it is clear, that after the condemnation of the land and the payment of the damages, the proprietor of the land over which the road passes would be prohibited from placing any obstruction upon it. Is the making of a cattle guard across or under a railroad an obstruction to it, or to the free use of the land condemned for the right of way of such road? The land condemned in this instance was sixty-six feet wide, only a small part of which would, in ordinary cases, be actually occupied by the track of the road, though it might be necessary at times to occupy the whole space for the construction and repair of the road, and its convenient use. In the construction of a cattle guard, it would be necessary to extend the fences on either side of the track of the road quite up to it, and this of itself might, and often would, be an obstruction to the free use, by the railroad company, of the land condemned. But to construct the cattle guard across or under the road, would be an interference, temporarily at least, with the track itself, as it would be necessary to excavate beneath the rails, and while the work was being done, and the necessary supports being placed underneath, the road could not be used. To allow this to be done without the consent of the company, would be to deprive them, for the time being, of the use and control of their own road, and of the right of way for which they had paid.

In our view, it is wholly immaterial whether the railroad company acquired a fee-simple estate in the land condemned or not, as the construction of cattle guards without their consent would be a clear interference with their right of way over

the land, if it were admitted that the fee still remained in the original proprietor.

*Judgment affirmed.*