St. L., I. M. & S. Ry. v. Walbrink.

## St. L., I. M. & S. Ry. v. Walbrink.

1.   RAILROADS: - *Right of way; Diversion of water-course.*
      Where a grant of a right of way authorizes a railroad company to change a
      water-course, the company is not liable for the consequential damages resulting
      from the change, unless it be unnecessarily or negligently or unskillfully made.

2.   SAME: *Fencing track; Cattle-guards.*
      A railroad company is not bound to fence its track, nor to construct cattle-guards
      where its road traverses improved lands.

3.   SAME: *Right of way; Damages.*
      In the condemnation of the right of way through enclosures, the additional fenc-
      ing made necessary by the road passing through them is an element of damages
      to be awarded to the owner; but a grant of the way waives such damages in
      advance.

APPEAL from *Poinsett* Circuit Court.
Hon. W. H. CATE, Circuit Judge.

*Dodge & Johnson* for Appellant.

The first cause of action alleged by plaintiff, is the failure
to erect " cow gaps " on his line of fencing where the road
crosses, by which neglect or failure he was prevented from
raising a crop for the year 1882, to his damage one hundred
dollars.

This charge plaintiff failed absolutely to sustain by any
proof whatever, and it was specifically denied in the answer.

It is well settled that the plaintiff must recover *secundum
allegata et probata.* He cannot declare upon one theory, and
recover upon another. *Boardman v. Griffin, 52 Ind., 101;
Hays v. Carr, 83 Ind., 275; Thomas v. Dale, 86 Ind., 935; Ry.
Co. v. Bennett, 89 Ind., 457; R. R. v. Wygant, 100 Ind., 160;
Brown v. Will, 1 West. Rep., 130; Hasselman v. Carroll, 102
Ind., 153; Freshour v. Turnpike Co., 2 West. Rep., 328.*

The second cause of action alleged by plaintiff, was the changing of the natural channel of a certain creek, and in the doing so, removing of certain fences and removing a large amount of earth, etc.

This was admitted by the answer. But the defendant justified its action in the matter by pleading the grant, or license, or permission of plaintiff to do so.

If the permission or license contained in the above grant or deed was worth anything, it was most assuredly given to include just such acts as are here complained of.

It is conceded, as held in *Ry. Co. v. Morris, 35 Ark., 626,* " that the grant of the right of way certainly was no license to the company to injure plaintiff by unskillful work."

But, when the grant itself, in specific and direct terms, grants the license to do what has been done in this case and of which plaintiff complains, there can be no possible liability, unless the injury is caused by unskillful work or carelessness on the part of the railway company, and is so charged in the complaint. Unskillfulness and carelessness is specifically denied, although it was in no manner alleged.

*E. F. Brown* for Appellee.

1. It was appellant's duty to construct fences and cow gaps. *Redf. on Ry's, vol. 1, p. 345; Mills Em. Dom., sec. 212.* The grant or license does not estop appellee from claiming damages. *Mills Em. Dom., sec. 44.* And especially is this so outside of the right of way. *Ib., secs. 294–298.*

2. The evidence sustains the first paragraph of the complaint.

3. The grant or license applies only to the right of way, which is expressly limited by the calls of the deed, and must be used in the proper exercise of its enjoyment; and appellant cannot protect itself in obvious wrong by the improper exercise of

said grant, because it in fairness is bound to use it without unnecessary detriment to appellee's rights. And as to whether appellant made a reasonable use of the grant or license in said deed was a mixed question of law and fact submitted to the jury under proper instructions, and this court will not disturb their verdict. This theory of the case is sustained by the reasoning of Mr. Redfield in his note to the case of *Sweet v. Cutts, 11 Am. Law Register, p. 24.*

The parties, in the absence of anything to the contrary, are presumed to have contracted with reference to the state and condition of the property. The grantor gave the license as the creek then ran, and to construe the right to appellant under it to embrace such changes as might thereafter suit the convenience of appellant, would doubtless defeat the understanding and intention of the parties, certainly of the grantor. And we understand this to be sustained by authority. *Wasburne on Easements, 57 and 338.*

SMITH, J. The complaint in brief charged:

1. That in 1881, plaintiff being the owner of " part of southwest quarter of southeast quarter, section 24, township 11 north, range 3 east," donated to the defendant railway company a right of way over said land.

That under said grant, defendant, in 1882, constructed its railroad tracks over said land. That the right of way donated was of the width of one hundred feet. That in order to construct its roadway, defendant removed the fencing on said land and neglected or refused to replace it, or to erect " cow gaps," or other means to protect the growing crops ; by which action plaintiff was prevented from raising a crop for the year 1882.

2. That defendant, building its roadway, without the consent of plaintiff changed the natural channel of a creek across and upon the land of plaintiff outside of the right of way so

granted; and in order to do so, tore down and removed other fencing upon lands outside of and not upon any part of the said granted right of way, and did dig and remove large amounts of soil therefrom. For all of which plaintiff asked one hundred dollars damages.

The defendant justified under a license from the plaintiff.

Evidence was given, tending to show that, before the building of the road, the plaintiff's land was under one and the same enclosure; that the railroad divided it into two parts, leaving his dwelling-house, stable, well and orchard on one side, and a field of four acres on the other side; that the defendant tore down the plaintiff's fences at the points where its line entered and left his land, and did not erect cattle guards at these points, nor rebuild the fences; and that the plaintiff was, in consequence, compelled to build two lines of fencing, parallel to the road, at an expense of $60. Also, that the defendant, in constructing its road-bed and for the protection thereof, had changed the channel of a creek, which flowed in a westerly direction across the land, so as to make it run north; and had put in a bulk-head of plank next to its road-bed, which deflected the water towards the orchard, and abraded the land, the loss of ground by the wash being a parcel sixty-nine feet in length by twenty-two feet in width.

Defendant then read to the jury the following deed from plaintiff to defendant:

"Know all men by these presents: That I, Frank Walbrink, and Sarah Walbrink, his wife, of the county of Poinsett and State of Arkansas, for and in consideration of one dollar to us paid by the St. Louis, Iron Mountain and Southern Railway Company, and in consideration of the benefit to accrue to us from the building of said company's road, do hereby give, grant, bargain, sell and convey to said company, a right of way, being one hundred feet wide, the middle thereof to be the center of the track of said road, with the right of increasing the

width of the same for necessary slopes, embankments and turnouts, and the right of changing water courses and taking a supply of water, and borrowing or wasting earth or stone outside of said limits, and of felling any trees which might endanger said railroad as the said track shall be finally located, through and across the following described lands, lying in the county of Poinsett, and state of Arkansas, to-wit:

" One lot adjacent to the town of Harrisburg, being a part of the southwest quarter of the southeast quarter of section 24, township 11 north, range 3 east of the fifth principal meridian, reserving to myself the right to cultivate such part of the right of way as is not actually used by said railway for more track or switches ; and with the stipulation, that no houses or bridges be built thereon, except depot of the company, with the right to enter upon said land and take timber necessary for the construction of said railway through and upon the same ; to have and to hold the same to said company, so long as used for the purposes of a railroad and no longer."

The circuit court charged in effect that, notwithstanding his deed, the plaintiff was entitled to recover such damages as the proof showed he had sustained by reason of the acts and omissions complained of; and the jury returned a verdict for $95.

1. Right of Way: Diverting water course

The diversion of the water course was expressly authorized by the terms of the deed; and the defendant is not liable for the consequential damages resulting therefrom, it not being alleged nor proved that the work was done unnecessarily, or negligently, or unskillfully. No man can maintain an action for a wrong where he has consented to the act which occasions his loss. Nor was the company' under any obligation, after it had rightfully and properly turned the stream, to observe the action of the water and protect the banks, or take other timely measures to prevent the encroachment of it, upon the adjacent lands. *Norris v. Vt. Central R. Co., 28 Vt., 99; Boothby v.*

*Androscoggin, etc., R. Co., 51 Me., 318; Hortsman v. Lex. & Cov. R. Co., 18 B. Monroe, 218.*

The execution of the conveyance placed the parties in the same relative situation, and gave to each precisely the same rights as if the railroad company had caused the land to be condemned for a right of way and had paid the award of damages. In either case, the company is authorized to do whatever is lawful in the construction and management of its road ; and the owner's claim for injury to the rest of his land is released, except as it arises from faulty construction. We have no statute, and there is no principle of the common law, which obliges a railroad corporation to fence its track, or to provide cattle guards where the line traverses improved lands. It is true the additional fencing rendered necessary by the building of the road is an element of damage in estimating the owner's compensation. But where he conveys the right ' of way by agreement, he waives in advance all such damages, it being presumed that these are included in the purchase price. *North & West Branch R. Co. v. Snauk, 105 Pa., St., 555; Alton & Sangamon R. Co. v. Baugh, 14 Ill., 211.*

Reversed and remanded for further proceedings not inconsistent with this opinion.

*2. Fencing Track: Cattleguards.*

*3. Right of Way: Damages.*