CHOCTAW & MEMPHIS RAILWAY COMPANY *v.* VOSBURG.

Opinion delivered February 23, 1903.

1. RAILROADS—STOCK GUARDS.—In an action to subject a railroad company to liability for improperly constructing a stock guard, an instruction that if the guard was improperly constructed, or if the guard was insufficient for the purpose intended, and by reason thereof stock came over the guard and destroyed plaintiff's crop, the railroad company would be liable is erroneous as making the company an insurer of the efficiency of the guard. (Page 235.)

2. STATUTORY REMEDY—EXCLUSIVENESS.—The statute requiring railroad companies to construct stock guards (Sand. & H. Dig., §§ 6238, 6239) created a new duty, and the penalty imposed was intended as full compensation to the party aggrieved, so that an action for compensatory damages would not lie. (Page 235.)

Appeal from Yell Circuit Court, Dardanelle District.

WILLIAM L. MOOSE, Judge.

Reversed.

*J. W. McLoud* and *E. B. Pierce,* for appellant.

The railway company discharged its duty as to the character and construction of cattle guards, and was entitled to the peremptory instruction asked. 58 Mich. 500. The primary duty of railroad companies is to their passengers, and the requirement that they construct "safe and suitable" stock guards must be taken to mean such guards as are consistent with the safety and proper accommodation of the traveling public, rather than impassable guards. 94 Ind. 45; s. c. 19 A. & E. R. R. Cas. 568; Thornton, R. R. Fence & Cross. § 94; 70 Ia. 522; 13 A. & E. R. Cas. 540; To charge appellant, proof of negligence in procuring or maintaining stock guard is necessary. 58 Mich. 200; 55 S. W. 940; 57 S. W. 518; 68 Ark. 540; 47 Ark. 330. It was error to allow appellee's counsel to prove that appellant was taking out guards of the kind in question and substituting others. 144 U. S. 202. It was also error to allow appellee to testify as to his opinion of the value of the crop. 47 Ark. 501.

*John M. Parker,* for appellee.

Notice was waived, and appellant is estopped to claim it. 15 Wall. 151. The notice could be waived. 22 Am. & Eng. Enc. Law 170, 171. The defense as to the want of written notice was not made below, and is waived. 53 Ark. 494; 68 Ark. 3.

BATTLE, J. On the 12th day of January, 1900, the appellees filed in the Yell circuit court, Danville district, their complaint, which is in words and figures as follows:

"The plaintiffs, G. S. Vosburg and T. W. Briggs, complain of the Choctaw & Memphis Railroad Company, for that the said Choctaw & Memphis Railroad Company, in placing and main-

taining a stock gap at the entrance of their line of railroad into the enclosed field, situated on the northeast quarter of section twenty-five, township five north, range twenty-three west, in said district, and other adjoining lands, then in possession of and culti-vated in the year 1899 by plaintiffs, so negligently constructed the said stock gap that it failed to keep stock out of said enclosed field, and that horses, cattle and hogs entered said enclosure over said stock gap and ate up, knocked out, and tramped under foot all of the cotton then growing on twenty-five acres of land enclosed in said enclosed field, thereby totally destroying said cotton, which cotton belonged to, and was the property of, these plaintiffs. That the cotton so destroyed was of the value of one hundred and fifty dollars, and therefore plaintiffs allege that, by the careless and im-perfect manner of constructing and maintaining said stock gap, said stock was permitted to enter and destroy said crop, to plain-tiffs' damage in the sum of one hundred and fifty dollars."

"On August 29, 1900, the defendant filed its answer, which was a general denial of the allegations of the plaintiff's com-plaint, and in addition thereto alleged that on the —— day of De-cember, 1898, L. L. Briggs, who was at that time the owner of said lands, for a valuable consideration executed to the defendant a deed releasing all damages to his said property by reason of the construction of defendant's railroad."

There was no issue as to notice. A stock gap was constructed by the defendant. The question was, was it sufficient and prop-erly constructed? Witnesses testified that it did not keep stock out of the plaintiffs' field; that stock went over it, and destroyed plaintiffs' crop.

"A. H. Kilpatrick testified that he had had ten or eleven years' experience in investigating the subject of stock guards on rail-roads; that he was familiar with the kind of stock guards that were generally in use in this part of the country; that he knew the particular kind of stock guard on plaintiff's farm; that he had examined it; that it was put in properly; that it is one of the most improved that is in general use; that it is recognized as one of the best there is; that ordinarily this stock guard turns stock; that it turns stock in Oklahoma and Kansas. He stated that here in Arkansas stock had been found that will cross bridges as high as thirty-eight feet, and they cross all sorts of guards; that there had been cases where hogs had crossed bridges thirty-eight

feet long, three spans, and some other cases where they had crossed all kinds of cattle guards that they have on the road."

Among the instructions given to the jury that tried the issues in the case, over the objections of the defendant, was the following:

"3. Now, if you find from the testimony that the guard was improperly constructed, or that the guard itself was insufficient for the purpose for which it was intended, and that, by reason of that fact, stock came over the guard, and destroyed the crop of the plaintiff, he would be entitled to recover damages for the value of the crop that was destroyed"

The plaintiff recovered judgment, and defendant appealed.

The instruction numbered 3, given by the court to the jury, was erroneous. According to it, a railroad company, when it constructs a stock guard, becomes an insurer of its sufficiency to prevent cattle or stock passing over it and entering an enclosure; but this is not true. As said in *Choctaw & Memphis Railroad Company* v. *Goset*, 70 Ark. 431, "the law does not impose an impossible or impracticable duty upon the company, and when its stock guard is as perfect and as well adapted for the purpose of turning stock as it is practicable to make it, in connection with the safe and prudent operation of the road, that is all the law requires, and the company has discharged its duty under the statute."

This instruction is defective in another respect. It says that, in the event the stock guards in question were insufficient, the plaintiffs were entitled to recover damages for the value of the crop that was destroyed  This also is not true. The statutes created the duty of the railroad company to construct stock guards. Before their enactment there was no such duty. *St. Louis, I. M. & S. R. Co.* v. *Walbrink*, 47 Ark. 330. They prescribe what the liability of the railroad company shall be in the event it fails to perform this duty, and that is, it shall be liable to the person or persons aggrieved thereby for a penalty of not less than twenty-five dollars nor more than two hundred dollars for each and every offense. Sand. & H. Dig., §§ 6238, 6239. The inference is that the penalty, being recoverable by the party aggrieved, was intended as a full compensation to him for the injury received; and therefore he is limited to the remedy given by the statute. *Couch* v. *Steel*, 3 E. & B. 402; *Stevens* v. *Jeacocke*, 11 Q. B.

731; *Almy* v. *Harris,* 5 Johns. 175; *Commissioners* v. *Bank,* 32 Ohio St. 194; *R.* v. *Robinson,* 2 Burrows, 803; *Andover* v. *Gould,* 6 Mass. 41; *Bissel* v. *Larned,* 16 Mass. 65; *Camden* v. *Allen,* 26 N. J. L. 398; *Shepard* v. *Commissioners,* 8 Ohio St. 354; *State* v. *Commissioners,* 26 Ohio St. 369; *Lang* v. *Scott,* 1 Blatchf. 405; *Victory* v. *Fitzpatrick,* 9 Ind. 283; Sutherland, Statutory Construction, §§ 325, 399; Sedgwick, Construction of Satutory and Constitutional Laws (2d Ed.), p. 343 *et seq;* Endlich, Interpretation of Statutes, § 470.

Reversed and remanded for a new trial.