Bracey *v.* St. Louis, San Francisco & New Orleans Railroad Company.

Opinion delivered May 28, 1906.

Eminent domain—damages.—In a suit by a railroad company to condemn a right of way along a street abutting alongside of defendant's home, defendant is not entitled to prove that another railroad, which had previously been built in front of such home, by reason of the construction of the plaintiff's road, would be compelled to stop all of its trains in front of defendant's home, and to ring bells and sound whistles, as all present and future damages to flow from the operation of such railroad were compensated at the time the right of way in front of defendant's home was acquired.

Appeal from Hempstead Circuit Court; *Joel D. Conway,* Judge; affirmed.

*Scott & Head,* for appellant.

1. Whether a verdict be so excessively large or excessively small as to shock one's sense of justice, it ought to be set aside. 10 Ark. 491; 2 Ark. 360; 5 Ark. 407; 6 Ark. 86; 10 Ark. 638; 39 Ark. 491; 9 Ark. 394.

2. The court erred in its first instruction given at request of appellee as to the measure of damages. 54 Ark. 140. Its second instruction given for appellee was erroneous in withdrawing from consideration any damages suffered by appellant in common with other property owners on Vine Street. 73 Ark. 1.

3. The court erred in excluding testimony as to what effect the building of appellee's road across that of the Iron Mountain Railway had upon the latter in the way of causing more noise, etc.

*T. C. Jobe* and *Glass, Estes & King,* for appellee.

1. If a verdict is either so excessively large or small as to shock the sense of justice, it ought to be set aside; but in this case, aside from the damages done to some trees, the weight of testimony is that appellant's property, for use as a home, has not been damaged, but improved. The jury have determined this question, and their verdict will not be disturbed. 42 Ark. 528; 41 Ark. 435.

2. There was no error in appellee's first instruction. 39

Ark. 170; 41 Ark. 435; 21 Ark. 357; 23 Ark. 115; 48 Ark. 396; 16 Ark. 628. Nor in the second instruction for appellee. *Supra;* 24 Ark. 264; 66 S. W. 324; *Ib.* 1090.

3. There was no error in excluding testimony as to what effect the building of appellee's road across that of the Iron Mountain had upon the latter in the way of causing noise, etc.

HILL, C. J. Mrs. Bracey owned a handsome and comfortable home in the town of Hope, which had been erected a few years ago by her late husband. The St. Louis, Iron Mountain & Southern Railway main and side tracks were laid in the street just in front of her home. The appellee road brought suit against Mrs. Bracey to condemn her rights as abutting owner in Vine Street, which was east of her residence and at right angles to the street upon which the Iron Mountain tracks were already laid. This is an appeal by Mrs. Bracey from a judgment assessing her damages at $100.

The first question urged is that the verdict is so shockingly against the evidence that it ought to be set aside. The appellee company, when it constructed its road in Vine Street, was compelled to and did grade and gravel the street and build concrete walks and, where necessary, retaining walls.

There was substantial testimony that the construction of the railroad in Vine Street had not damaged the property. Mrs. Bracey showed an expense item of $59.82 for replacing a fence caused by the excavation for the railroad, and showed the destruction of three shade trees. The jury evidently by their verdict intended to compensate her for these items, and find against her on the other questions. It is true that the evidence on behalf of Mrs. Bracey showed very marked depreciation of value in the property on account of this road. The evidence is apparently candid, is reasonable of itself, and it is strange that it did not commend itself to the jury; but it did not, and the jury accepted the other evidence, part of which was from citizens obligated to pay the railroad company for the money it had to expend for right of way through the town. The evidence of the railroad company's witnesses and these interested parties is sufficient, if believed, to sustain the verdict, and the jury has said it does believe them, and that is the end of it.

The appellant offered to show that, by reason of the con-

struction of this road along Vine Street, the Iron Mountain road in front of her house had become an added nuisance in this way: it was compelled to stop all of its numerous trains right in front of her house, was compelled to ring bells and blow whistles, which it did not do prior to this crossing of another road, which compelled this additional action on its part. This additional inconvenience and annoyance (and evidently it is no inconsiderable matter) is caused solely by the statute of the State requiring such stoppage and signals at the point of intersection of another road. The appellee road is responsible for all such damage which its operation may occasion, but is not responsible for that of the other road. When the Iron Mountain's right of way was acquired in front of this house, then compensation was made, or an opportunity had for compensation to be made, for all present and future damages to flow from the operation of the road in the due course of its business. It is part of the due course of a road's operation to make such stops and give such signals as the law or good railroading may require, and all annoyance, inconvenience and injury from such an incident of railroad operation can be and should be compensated at the time of the acquisition of the right of way. When once acquired, then the railroad may lawfully use it in any way which good service and proper conduct of its affairs require, and for such conduct there is no resulting damage to the abutting property owner. See Lewis on Eminent Domain, § 151a; *Little Rock & Ft. S. Ry. Co.* v. *Greer,* 77 Ark. 387.

The court was right in excluding evidence of the increased damages from the Iron Mountain road. Some other matters are presented, but none of moment, and, finding no error, the judgment is affirmed.

Battle, J., being related to Mrs. Bracey, was disqualified, and did not participate.