St. Louis, Iron Mountain & Southern Railway Company

v. Hanks.

Opinion delivered November 5, 1906.

Railroad—right of way—effect of grant.—The effect of a grant to a
railroad company of a right of way for railroad purposes is to
authorize the railroad company to construct its roadbed along that
route, and to release it from liability for injury caused by such acts,
except as it arises from faulty construction. Thus, where blasting
was necessary, and was properly done, the railroad company would
not be liable for the consequent falling of rocks on adjacent land.

Appeal from Izard Circuit Court; *John W. Meeks,* Judge;
reversed.

*B. S. Johnson,* for appellant.

1.   The White River Railway Company having bought the
right of way, the vendor could not maintain an action for a
wrong where he consented to the act which caused the injury.
47 Ark. 334.   If it became necessary to blast rock, and in so
doing this rock fell on the vendor's land, the railway company
was not liable to its grantors for damages growing out of the
same.   54 Ark. 424.

2.   Under the proof the subcontractors who had the work
in charge were independent contractors, and they alone were
liable for the wrongful acts, if wrongful.   58 Ark. 503; 54 Ark.
524; 76 Ark. 333; 55 Ark. 510; 77 Ark. 551.

3.   Appellant St. Louis, Iron Mountain & Southern Rail-
way Company never became the owner of the White River Rail-
road until long after the alleged torts were done.   It could
not be held liable in this case.

A demand based upon a tort is not assignable.   18 Barb.
510; 22 Barb. 112; 1 Abb. 33; 12 Abb. 149; 15 Abb. 345; 7 How.
Pr. 493; 6 Cal. 456; 3 Kernan, 322.   Matters arising *ex delicto*
pass no title to assignee by assignment.   2 March, 136; 1 Litt.
298; 9 Dana, 381.   In an action *ex delicto* commenced by the
assignee, where the assignor is not made a party, the plaintiff will
not be allowed to amend by substituting the name of the assignor.
Newman's Pl. & Pr. 84; 2 Barb. 311.   See, also, 47 Ark. 541.

*J. B. Baker,* for appellee.

Battle, J.   L. C. Mauldin and J. S. Lake, being the owners of a certain tract of land situate in the county of Izard and State of Arkansas, for and in consideration of the sum of fifty-three dollars to them paid by the White River Railway Company, conveyed to the railway company a strip of land one hundred feet wide over, through and across the land, to be used as a right of way for a railroad, the middle of the strip to be the center of the track of the railroad, with the right of increasing the width of the same (strip) for necessary slopes, embankments and terminals, and with the right of changing watercourses and taking a supply of water and of borrowing or wasting earth, stone, or gravel outside of said limits and of felling any trees which might endanger the operation of said railroad.   The railway company located the strip over and across the land pursuant to the deed, and let the construction of its track over it to contractors.   In constructing the railroad in this right of way it was necessary to blast considerable rock and throw the same on the adjoining lands of the grantors.   The contractors, and those working under them, constructed the roadbed of the railroad within the bounds authorized by the deed and in the manner indicated, and in doing so threw large quantities of rock on the adjacent lands.   Afterwards Mauldin and Lake conveyed these lands to R. H. Hanks, and the White River Railway Company conveyed its railroad over the right of way to the St. Louis, Iron Mountain & Southern Railway Company.   Hanks then brought this action against the latter company to recover damages to the lands caused by the blasting of rock.   He recovered judgment against the defendant for $200; and the defendant appealed.

It is not necessary to consider the liability of appellant, under the statutes of this State and its purchase, for wrongs committed by the White River Railway Company.   The effect of the deed of Mauldin and Lake to the right of way was to authorize the Railway Company to do whatever was lawful and necessary to do to construct its railway along that route, and to release it from liability for injury caused by such acts, "except as it arises from faulty construction." *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Walbrink,* 47 Ark. 330.   The blasting was necessary, and the falling of rocks on the adjoining lands necessarily followed.

No evidence was adduced to prove the contrary. The rock was removed by some person other than the appellee, the evidence does not show by whom.

Judgment is reversed, and the action dismissed.