CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v. ADAMS.

Opinion delivered July 15, 1907.

RAILROAD—SUFFICIENCY OF NOTICE TO REPAIR STOCKGUARD.—Under Kirby's Digest, § 6644, providing that it shall be the duty of railroads, upon receiving ten days' notice in writing from the *owner* of inclosed lands, to construct stockguards and to keep same in good repair, notice from a *tenant* to repair a stockguard is insufficient to require a railroad company to repair the stockguard.

Appeal from Pulaski Circuit Court; *Edward W. Winfield*, Judge; reversed.

*Buzbee & Hicks*, for appellant.

No foundation being laid for its intorduction, the letter of plaintiff's attorney was erroneously admitted. But if it were properly admitted, and if it could be construed as a notice, it was as such insufficient. The statute only authorizes the giving of notice by the *owner*. Kirby's Digest, § 6644. Being penal in its nature, the statute must be strictly construed. 67 Ark. 357.

*W. S. McCain,* for appellee.

That part of the statute requiring notice relates exclusively to the company's duty to construct or put in the stock guard. It does not apply to that part of the statute requiring it "to keep the same in good repair."

BATTLE, J.  Dean Adams alleged in his complaint that during the year 1905, and for about one month thereafter, "he was the owner and occupant as a tenant of an inclosed parcel of land in the county of Pulaski, in this State; that the roadbed of the defendant, the Chicago, Rock Island & Pacific Railway Company, ran through the inclosure, and that the defendant allowed a stockguard on the land to get out of repair, and failed to keep it in repair during the latter part of the year 1905, and the month of January, 1906, and that he gave the defendant notice to repair the guard, which it failed to do."

Defendant answered and specifically denied each allegation of the complaint..

The jury returned a verdict in favor of plaintiff for $75, and the defendant appealed.

The statute upon which this action was based (Kirby's Digest, § 6644) makes it the duty of railroad companies to construct stockguards and to keep the same in good repair, upon receiving ten days' notice in writing from the owner of the lands to do so.  They are required to construct such guard upon notice given only by the owner of the land.  It is evident that notice given by a tenant would not be sufficient.  In all cases where there is a tenant there is an owner, and the statute requires the owner to give the notice, and there can be no doubt as to which of the two is the owner.  The owner can authorize the tenant to give the notice in his (owner's) name.

Appellee argues that, there being a stockguard already constructed, it is the duty of the railroad company to keep it in repair, and there was no necessity for a notice to do so in order to recover the penalty.  Why is notice to construct necessary?  For the purpose of indicating the wishes of the owner in that respect and to enable the railroad company to protect itself against penalties in an unguarded moment.  For the same rea-

son notice to repair is equally necessary and useful, and must be given.

Notice in this case was given by the tenant, and is insufficient.

Judgment reversed, action dismissed, and judgment rendered in favor of the defendant.