DANIELS v. BOARD OF DIRECTORS OF ST. FRANCIS LEVEE DISTRICT.

Opinion delivered November 11, 1907.

LEVEE—EFFECT OF GRANT OF RIGHT-OF-WAY.—Where a landowner granted to a levee district a right-of-way across his land for the purpose of constructing a levee, he cannot thereafter sue the district for damages which resulted from its construction of maintenance, it was constructed and is being maintained in a skillful manner.

Appeal from Mississippi Circuit Court; *Allen Hughes,* Special Judge; affirmed.

*Armstrong & Gravette,* for appellant.

Damages were original and contingent.   Successive actions will lie, and plaintiff, was not barred by three years limitation.   52 Ark. 240; 56 *Id.* 612; 85 S. W. 654; 102 *Id.* 585; 59 Fed. 9.

*H. F. Roleson,* for appellee.

Cases cited are not applicable.   This case falls within 62 Ark. 360.   See also 52 *Id.* 240.   Plaintiff was barred.

McCULLOCH, J.   This is an action instituted by appellant against the Board of Directors of St. Francis Levee District to recover damages alleged to have been done to lands of appel-

lant by reason of a levee constructed and maintained through and over the same by the levee district. It is alleged in the complaint that the levee was so constructed that in time of high water it permitted water to seep through upon appellant's land, and also that the levee prevented drainage of water from this land into the Mississippi River, which was a natural drainage-way or outlet for surface water from the land. The defendant answered, denying that the levee was constructed in an unskillful or imperfect manner, and alleging, among other things, that before the construction of the levee the plaintiff had executed to defendant a deed conveying a right-of-way over and through his land for the construction and maintenance of the levee.

The case was tried before a jury, and after both sides had concluded the introduction of the evidence the court instructed the jury to return a verdict in favor of the defendant, which was done.

We are of the opinion that there was no evidence introduced which would have warranted a verdict in favor of the plaintiff, and the court did right in giving a peremptory instruction for the defendant. There is no conflict in the testimony. It wholly fails to show that the levee was constructed in an unskillful or imperfect manner. On the contrary, it showed affirmatively that the levee was constructed according to the best and most approved methods known to engineering skill, and that there had been no change in nor addition to it since. Appellant's deed of conveyance was introduced in evidence whereby he conveyed to the levee district the right-of-way over and through his lands "for the purpose of constructing any and all levees that may be built theron as a protection against overflow, with the right of obtaining from said lands any material that may be necessary in the construction of said levee and keeping the same in repair."

Plaintiff having expressly consented to the construction and maintenance of the levee and granted a right-of-way over his land for that purpose, he cannot complain of any damage to the land resulting from the construction of the levee in a skillful manner. His grant to the levee district of the right to construct the levee through his land was a waiver of any claim for damages to the land resulting from the construction and

maintenance thereof, if done in a skillful manner. Such damages are conclusively presumed to have been compensated for by the consideration paid for the conveyance.

In a similar case involving the right of a person who has conveyed a right-of-way to a railroad company to recover damages from the company for injury to his land, the court, speaking through Mr. Justice SMITH, said: "No man can maintain an action for a wrong where he has consented to the act which occasions his loss. * * * The execution of the conveyance placed the parties in the same relative situation, and gave to each precisely the same rights as if the railroad company has caused the land to be condemned for the right-of-way and had paid the award of damages. In either case the company is authorized to do whatever is lawful in the construction and management of its road; and the owner's claim for injury to the rest of his land is released, except as it arises from faulty construction." *St. Louis, I. M. & Sou. R. Co.* v. *Walbrink,* 47 Ark. 330. To the same effect see *St. Louis, I. M. '& S. Ry. Co.* v. *Hanks,* 80 Ark. 417; *Bracy* v. *St. Louis, S. F. & N. O. Rd. Co.,* 79 Ark. 124.

The same rule should be applied to the grant of a right-of-way for the construction of a levee.

Judgment affirmed.