HESTER *v.* CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.

Opinion delivered June 7, 1920.

1. RAILROADS—DEFECTIVE STOCK GUARD.—The owner of a crop can not recover damages for injury to his crop by hogs on account of the defective condition of a stock guard on defendant's railroad where notice of such defective condition was not given to defendant, as required by Kirby's Digest, §§ 6644, 6645, as amended by Acts 1909, p. 135.

2. RAILROADS—CONSTRUCTION OF PENAL STATUTE.—Special and Private Acts 1911, No. 447, as amended by act 53 of 1913, requiring certain railroads to build and maintain sufficient fences along their right-of-way, is a penal statute and must be strictly construed.

3. RAILROADS — STATUTE REQUIRING FENCING — LIABILITY.—No civil action for damage to crops will lie against a railroad company for a violation of Special and Private Acts 1911, No. 447, as amended by act 53 of 1913, requiring certain railroads to build and maintain sufficient fences and stock guards; the penalty therein provided being the only remedy.

Appeal from Saline Circuit Court; *W. H. Evans,* Judge; affirmed.

*Arthur C. Thomas* and *J. S. Utley*, for appellant.

1. The court erred in sustaining the motion to quash. 216 S. W. 5.

2. The court erred in sustaining the demurrer of defendant. The complaint was sufficient and stated a cause of action. Act 447, Acts 1911, amending act No. 53 of 1913. The act is constitutional and valid. 2 Elliott on Railroads, par. 668; 3 *Id.* 1102, 1184-5; 11 L. R. A. 285. The intent of the Legislature governs, and in construing a statute the court looks to the former mischief, the proposed remedy, the reason of the change and the conditions existing. 47 Ark. 330; Kirby's Digest, §§ 6644-5. Recovery of the penalty is the only remedy open to one whose stock is killed by a violation of the statute. 75 Ark. 615. When the stock guard is not sufficient to prevent stock from passing over it, this does not show that the guard was unsuitable and unsafe. 74 Ark. 589. Notice from a tenant to repair a stock guard is insufficient. 84 Ark. 14. See, also, 103 Ark. 613. The railroad company was liable for damages where it has failed to erect and maintain fences and cattle guards along its right-of-way over inclosed lands. 43 L. R. A. (N. S.) 450 and notes; 122 Mo. App. 492; 66 Mo. 567; 37 *Id.* 654; 144 Mo. App. 691; 129 S. W. 52; 20 Mo. App. 644; 43 L. R. A. (N. S.) 452 and note.

*Thos. S. Buzbee, H. T. Harrison* and *C. L. Johnson*, for appellee.

1. There was no error in sustaining the motion to quash the service of summons. 257 Fed. 138.

2. The demurrer was properly sustained. Appellant did not give the written notice of any defects which is a condition precedent to a suit for failure to maintain a proper stock guard. The decision below was eminently correct. 68 Ark. 238, 548; 71 *Id.* 133. Plaintiff failed to allege a cause of action against the defendant. The Missouri cases have no application here, as they are based on the Missouri statute. Rev. Stat. Mo., § 115 of 1899; 43 L. R. A. (N. S.) 452; 25 Minn. 328.

The action here is based on act 447, Acts 1911. The act is clear and unambiguous, the intention is plain and was to keep stock off the right-of-way. 92 Ark. 1. The act is penal and does not provide for compensatory damages as prayed by appellants. Railroads are not by the common law compelled to fence their tracks, and as this is a penal act it should be strictly construed in favor of those on whom the burden is sought to be imposed. 79 Ark. 517; 71 *Id.* 232.

WOOD, J. This action was brought by the appellant against the appellee. The appellant alleged in substance that the appellee operated a railroad, over 100 miles long, in the State of Arkansas, and over certain lands in Saline County, Arkansas, describing them; that in the year 1918 appellant cultivated a crop of corn consisting of thirty acres on the land described; that prior to 1918 the appellee had constructed stock guards on both the east and west sides of the inclosure of the lands at the points where the railroad enters the inclosure, but had negligently failed and refused to maintain said stock guards in a suitable and safe condition; that appellee prior to the year 1918 had erected a fence along each side of its right-of-way over said lands, but had negligently permitted them to become so out of repair as to not be substantially and sufficiently in condition to keep live stock from passing through and under said fence and into the adjoining lands of the appellant as described in the complaint; that, as a result of the negligence of appellant in failing and refusing to keep and maintain said stock yards in a suitable and safe condition and in negligently permitting said fence to become out of repairs as aforesaid, hogs passed over said stock guards on to appellee's right-of-way and thence through said right-of-way fences on to said lands of appellant, destroying his crop and damaging him in the sum of $1,120, for which damages he prayed judgment.

The appellee demurred to the complaint on the grounds, first, that the complaint does not allege that

written notice had been given the appellee or its agent that the stock guards were in a defective condition; second, because the allegations of the complaint are not sufficient to constitute a cause of action against the appellee.

The court sustained the demurrer and entered judgment dismissing appellant's complaint. From that judgment is this appeal.

*First.* The complaint does not state a cause of action under sections 6644 and 6645 of Kirby's Digest as amended by act 53 of the Acts of 1909, page 135, for the reason that the complaint does not allege that the written notice required by the statute had been given. The giving of this notice is a condition precedent to the right of recovery in an action based on that statute. *C., R. I. & P. Ry. Co.* v. *Adams,* 84 Ark. 14.

*Second.* The complaint does not state a cause of action under act 447 of the Acts of 1911 as amended by act 53 of the Acts of 1913. The statute is as follows:

"Section 1. Every firm, person or corporation owning or operating any railroad over one hundred miles in length, which extends into or through Grant, Saline or Hot Spring counties, Arkansas, shall be required to build and maintain a fence along each side of their rights-of-way therein, substantially and sufficiently to keep off said rights-of-way all mules, horses, hogs, sheep, cattle, goats and stock of all kinds."

"Section 2. Said persons, firms or corporations shall provide and maintain gates, with good latches, or openings, at least eight feet wide, at all private .road crossings, and stock guards at all public road crossings; and shall also be required to provide open crossings with stock guards every two miles, if there should be no opening or crossing within four miles of each other. No right-of-way shall be fenced through towns and municipal corporations, and a space of not less than three hundred feet shall be left open at all flag stations thereon."

"Section 3. If said railroad right-of-way fence should contain any gates as herein provided, any person using same in crossing or entering the said right-of-way

shall be required to close and fasten the gates behind them, and any said person failing to comply with the provisions of this section shall be guilty of a misdemeanor, and, upon conviction therefor, shall be fined in any sum not less than one dollar and not more than ten dollars for each separate offense.''

''Section 4. Any said person, firm or corporation violating the provisions of this act shall be fined any sum not less than fifty dollars and not more than five hundred dollars for each offense, and each day shall constitute a separate offense.''

This statute is penal. Its violation is a misdemeanor and subjects the offender to a fine. It does not provide any remedy by way of civil action to those who may be damaged by reason of its violation nor that the penalty may be recovered by any individual, nor by the State for the benefit of any individual. Penal statutes are strictly construed, therefore, no civil action will lie for damages against the appellee railroad for the violation of the above statute. *State* v. *International Harvester Co.,* 79 Ark. 517; *Choctaw & Memphis Ry. Co.* v. *Vosburg,* 71 Ark. 232; *St. L. M. & S. E. Ry. Co.* v. *Busic,* 74 Ark. 589, and other cases in 4 Crawford's Digest, ''Statute,'' § 71, pp. 4694-5.

In the cases from Missouri, cited and relied upon by counsel for appellant to sustain their contention, the causes of action in those cases were founded upon a statute which expressly made the corporation liable ''in double the amount of all damages which shall be done,'' etc., by reason of its failure to comply with the provisions of the statute. Of course, cases based upon such a statute can have no application here.

The judgment is correct, and it is, therefore, affirmed.