HORNSBY *v.* MARKS.

4-8637                                      214 S. W. 2d 911

Opinion delivered November 15, 1948.

Rehearing denied December 13, 1948.

*Buzbee, Harrison & Wright,* for appellant.

*J. H. Lookadoo,* for appellee.

SMITH, J. In the summer of 1946, appellant contracted with Ross Drainage District in Clark County to clear out a creek running through the district. Appellee now owns a forty-acre tract of land through which the creek runs. His fence was on the bank of the creek, and in doing the work contracted for, appellant tore down this fence in several places, and stock and cattle entered through the openings in the fence and damaged appellee's crops. He recovered a judgment for $1,066 to compensate the damages, and this appeal is prosecuted to reverse that judgment.

For the reversal of the judgment it is first insisted that appellee did not prove his ownership of the land on which the crops had been damaged, but that on the contrary the testimony shows that the land was owned by his sister, who was not a party to the litigation. The complaint alleged that appellee was the owner of the land. The answer contained a general denial of all the allegations of the complaint and alleged that any damage sustained by appellee was caused by his own negligence.

The pleadings did not specifically put in issue appellee's title to the land. The work of clearing out the ditch was a federal aid project and the federal government had required that the drainage district procure from the landowners of the district, a grant of the right-of-way which was signed by all the owners to the land adjacent to the creek. This right-of-way deed recited that, "and we further agree for and in consideration of the improvement to be effected by said project, that we will forever hold the United States Government and the Ross Drainage District harmless for any and all damages that may accrue to said lands or to the crops growing thereon by reason of the construction, operation and maintenance of said project." This right-of-way deed was not signed by appellee, but was signed by Glendyne Beard, his sister,

from whom he acquired title to the forty-acre tract of land.

It is insisted that there can be no recovery of damages for the removal of the fence or any part of it, for the reason that the right-of-way deed expressly excludes the right to recover any such damages. On the contrary, appellee insists that he was not a party to the deed, and is not bound by the agreement in this respect.

The suit was filed October 6, 1947, and the right-of-way deed is dated May 2, 1946. The trial was had November 4, 1947, and appellee testified that he bought the land from his sister about a year and a half ago, that is, a year and a half prior to November 4, 1947. According to these dates, appellee's sister was the owner of the land when she signed the right-of-way deed. These dates are not given exactly, but appellee's deed was in his possession, and it is safe to assume that if it had been executed prior to the right-of-way deed, that fact would have been definitely shown. This exact evidence was in appellee's possession, and was not produced and we therefore take the approximate date above given as correct, and if they are appellee's sister was the owner of the land when the right-of-way deed was executed, and if so, appellee took his title subject to this grant.

Upon the authority of the case of *Daniels* v. *Bd. Dir. St. Francis Levee Dist.*, 84 Ark. 333, 105 S. W. 578, there would be no liability for damages incident to the performance of the contract, not even to the fence, as it was the duty of the grantor in the right-of-way deed to remove it, except for negligence in the manner in which the contract was performed. No negligence in this respect was claimed except that appellant did not perform the work as expeditiously as he should have done, but we think the testimony does not sustain this contention.

The jury allowed appellee no damages on account of the damage to the fence, and no cross appeal was prosecuted for that failure. Appellant insists that the damages to the crops assessed by the jury at the sum of $1,066 is grossly excessive. Appellee reviews the testimony as to the crop damages, and presents figures show-

ing that the damage to the cotton crop was $451.50. These figures are very liberal, but we cannot say that the testimony does not support this calculation.

We think there is no liability for the damage to the corn crop, as this damage could have been averted and would not have been caused had appellee removed his fence to the edge of the right-of-way granted as he should have done. This damage apparently was done by hogs which went through the openings in the fence into the corn field. There was, therefore, no liability for the damage to the corn crop. Appellee's testimony is to the effect that the cotton was damaged when the fence was first removed, and that the cotton damage occurred after the fence had been rebuilt. Appellee's testimony upon this issue is to the following effect: The work had apparently been completed when appellee's father, acting for appellee, was told by appellant that the fence might be restored and this was done. Appellee was at that time the owner of the land, and of the crop growing on it. Thereafter a flood came, and appellant pulled logs out of the ditch and dragged them over the restored fence, breaking it in several places, and it was through the opening thus caused that the cattle entered and destroyed the cotton.

Appellant denied that he had authorized appellee to rebuild the fence on the line on which it was rebuilt, but this was, of course, a question of fact for the jury. If appellant did in fact, authorize appellee to rebuild the fence where it was rebuilt, he should have removed the logs in the creek without tearing it down, and he is responsible for the damage which his wrongful act caused, this being the damage to the cotton.

The judgment of the court must, therefore, be modified by striking out the damage to the corn, but it will be affirmed for $451.50, the damage to the cotton. As thus modified the judgment will be affirmed.