KANSAS CITY, PITTSBURG & GULF RAILWAY COMPANY
*v*. LOWTHER.

Opinion delivered June 2, 1900.

NOTICE TO RAILROAD TO CONSTRUCT CATTLE GUARD—HOW PROVED.—Sand & H. Dig., §§ 6238, 6239, provides that railroad companies shall construct and keep in repair safe stock guards on either side of enclosures, on notice from owner to do so, and imposes a penalty for failure to do so. Section 5890 *ib*. provides that notices mentioned in the code shall be in writing, and may be served by a sheriff or constable, whose return shall be proof of the service. *Held*, in an action against a railroad company to recover the penalty for failure to repair cattle guards after notice, that section 5890 does not apply to the notice required by section 6238, the latter section not being in the code, and that the constable's return of service of the notice required by section 6238 was insufficient to prove its service. (Page 240.)

Appeal from Polk Circuit Court.

WILL P. FEAZEL, Judge.

STATEMENT BY THE COURT.

The appellee brought a suit in the Polk county circuit court to recover the penalty provided in sections 6238-9, Sanddels & Hill's Digest. The statute referred to provides that if

any railroad company fails to put in and keep in repair safe cattle guards, after due notice given in writing, the party aggrieved may recover a penalty not less than $25 nor more than §200. The plaintiff alleged in his complaint that he was the owner of certain lands, describing them, and that he gave the notice mentioned in the statute, in writing, on the 5th day of January, 1898. The plaintiff does not allege that he is in any manner aggrieved by the failure of the defendant to construct safe cattle guards. The prayer of the plaintiff is for judgment for $200 under the section of the digest above mentioned. A copy of the notice is made an exhibit to the complaint.

The defendant's answer denied each and every allegation of the complaint.

In the trial of the case the court at first refused to permit the plaintiff to prove any damage. Later in the progress of the trial the court, over the objection of the defendant, permitted the plaintiff to prove that he was damaged and aggrieved. Exceptions were saved by the defendant to the action of the court in said rulings. The evidence shows that during the year 1898 cattle were found in the field of the plaintiff. The plaintiff swears that he saw some of them come over the cattle guards. In driving said cattle out of the field, they were driven over the cattle guards. The evidence of the plaintiff, in substance, is that he was the owner of the farm mentioned in the complaint; that the defendant's railroad was constructed through the same, and that the cattle guards were unsafe and insufficient to keep cattle out of his field; and that cattle came into his field by reason of said defective cattle guards, and damaged his premises. The only evidence that the plaintiff introduced to prove the notice in writing, as required by section 6238, above mentioned, was the return of the constable on the back of the notice. The defendant introduced D. J. Cavitt, the agent upon whom the constable's return stated that the notice was served, who testified in substance as follows: That the said notice was never served upon him, and that he had no notice whatever of any service of the same. Judgment for plaintiff, and appeal to this court.

*Read & McDonough,* for appellant.

The complaint did not allege that the plaintiff was in any way damaged or aggrieved; and it was error to admit evidence upon that point. Notice, such as is required by the statute, is simply a fact, and is provable as such. 16 Am. & Eng. Enc. Law, 857; 35 Mo. 71; 47 Mo. 304; 7 Vt. 152. The "notice" mentioned in § 6238, Sand. & H. Dig., is not one of the *notices* mentioned in that section of the code (Sand. & H. Dig., § 5890) providing for service of notice as by officers. See also Murfree, Sheriffs, § 866.

HUGHES, J., (after stating the facts.) Section 6238 of Sandels & Hill's Digest is as follows: "It shall be the duty of all railroad companies organized under the laws of this state, which have constructed, or may hereafter construct, a railroad which may pass through or upon any enclosed lands of another, whether such lands were enclosed at the time of the construction of such railroad, or were enclosed thereafter, upon receiving ten days' notice in writing from the owner of said lands, to construct suitable and safe stock guards on either side of said enclosure where said railroads enter said enclosure and to keep the same in good repair." Section 6239 provides for a penalty of not less than twenty-five nor more than two hundred dollars for failure to comply with the statute, to be recovered in a civil action by any person aggrieved thereby. There is no evidence of the service of the notice, save the constable's return thereon not sworn to. There is no provision in this statute as to who may serve the notice provided for, nor as to how the service shall be proved. We find no statute making the return of the constable, who served the notice, proof of the fact of service; and we think the fact of service should be proved like any other fact, the proof of which is not provided for by statute. 16 Am. & Eng. Enc. of Law, 827 and cases cited in note 4.

Section 5890, Sandels & Hill's Digest, provides that "notices mentioned in the code shall be in writing, and may be served by a sheriff, constable, coroner or marshal of a town or city, whose return shall be proof of the service." But the notice provided for in section 6238, Sand. & H. Dig., is not mentioned in the code, because section 6238 was passed long

after the adoption of the code. Besides, the code provision quoted relates to notices in proceedings or suits in courts, which the notice provided for in section 6238 cannot be said to be.

Reversed, and remanded for a new trial.