KANSAS CITY, PITTSBURG & GULF RAILWAY COMPANY v. PIRTLE.

Opinion Delivered January 19, 1901.

1. EVIDENCE—PROOF OF SERVICE OF NOTICE.—As the law does not make it the official duty of constables to serve notices to railroad companies to construct and maintain stock guards at enclosures, a written statement by a constable that he served such a notice is not competent to prove such service. *Kansas City, Pittsburg & Gulf Railway Co.* v. *Lowther*, *ante*, p. 238 followed. (Page 550.)

2. RAILROAD—STOCK GUARD—PENALTY.—Under Sand. & H. Dig., § 6239, providing that any railroad company failing to comply with the requirements of the preceding section as to the construction and maintenance of stock guards at an enclosure "shall be liable to the person or persons aggrieved thereby for a penalty of not less than $25 nor more than $200 for each and every offense," it is not necessary that the owner of the enclosure prove that he is actually damaged, though the amount of his recovery depends upon the extent of the wrong he has suffered by the failure to construct the cattle guards. (Page 551.)

Appeal from Polk Circuit Court.

WILL P. FEAZEL, Judge.

*Read & McDonough*, for appellants.

Notice is a fact, to be proved as all other facts.   16 Am. & Eng. Enc. Law, 857; 35 Mo. 71; 47 Mo. 304; 7 Vt. 152. The notice to the railway company required by § 6238, Sand. & H. Dig., need not be served in any particular manner; and it was error to permit the return of the constable to be offered in evidence. *Cf.* Murfree, Sher. § 866.

BATTLE, J.   This action is based upon sections 6238 and 6239 of Sandels & Hill's Digest, which are as follows:   "It shall be the duty of all railroad companies organized under the laws of this state, which have constructed, or may hereafter construct, a railroad which may pass through or upon any enclosed lands of another, whether such lands were enclosed at the time of the construction of such railroad or were enclosed thereafter, upon receiving ten days' notice in writing from the owner of said lands, to construct suitable and safe stock guards on either side of said enclosure where said railroads enter said enclosure and to keep the same in good repair.   Any railroad company failing to comply with the requirements of the preceding section shall be liable to the person or persons aggrieved thereby for a penalty of not less than twenty-five dollars nor more than two hundred dollars for each and every offense, to be collected by a civil action in any court having jurisdiction thereof."

Plaintiff, C. F. Pirtle, alleged in his complaint that he was the owner of a certain tract of land; that the defendant, Kansas City, Pittsburg & Gulf Railway Company, in the years

1896 and 1897, constructed their railroad upon and over the same, which was at the time enclosed; that the defendant, when constructing its road, built stock guards at the entrance of said enclosure, which at all times thereafter have been insufficient and unsafe; that he caused written notice to be served upon the defendant, as required by section 6238 of Sandels & Hill's Digest, but the defendant wholly failed and refused to construct safe and suitable stock guards on either side of said enclosure where the railroad enters and keep the same in good repair; and for such failure and negligence he asked for a judgment for a penalty of $200. The defendant answered and denied these allegations.

After hearing the evidence the jury returned a verdict in favor of the plaintiff for $75. Judgment was rendered accordingly; and the defendant appealed.

In the progress of the trial the plaintiff read as evidence a notice in writing in words and figures as follows: "To the Kansas City, Pittsburg & Gulf Railway Company, Greeting: I am the owner of the southwest quarter of the southwest quarter of section 23, township 25, range 31 west, Polk county, Arkansas; that the said railroad company, the Kansas City, Pittsburg & Gulf Railway Company, passes in, through and out of said above-described land, which is enclosed. Therefore you will take notice to construct suitable and safe stock guards at points where your said railroad passes in and out of said lands on either side of said enclosure, and keep the same in good repair. [Signed] C. J. Pirtle." Over the objections of the defendant the following return on the notice was read as evidence: "This came to my hand on October 23, 1897. I duly served within Kansas City, Pittsburg & Gulf Railway Company by handing a true copy of the same to D. J. Cavit, agent of within railroad company, at their station in Mena, Arkansas, on the 23d day of October, 1897. S. H. Smith, Constable." The court erred in permitting it to be read. The law does not make it the official duty of constables to serve such notices; and hence a statement by them in writing, saying how they have served the same, is not competent evidence. *Kansas City, Pittsburg & Gulf Ry. Co.* v. *Lowther, ante,* p. 238. As

there was no evidence adduced at the trial tending to show that the defendant received ten days' notice in writing from the plaintiff to construct suitable and safe stock guards, the error committed by the permission to read the return of the constable as evidence was prejudicial to the appellant.

The appellant insists that the word "aggrieved" in the statute allowing the penalty "shows that before any person is entitled to recover he must prove that he is damaged." But we do not so understand it. The statute makes it the duty of any railroad company, which has constructed a railroad through or upon any enclosed lands of another, upon receiving ten days' notice in writing from the owner of the land, to construct suitable and safe stock guards on either side of the enclosure and keep the same in repair. Upon giving the notice the owner is entitled to the guards, and he is aggrieved if the railroad company fails to construct them, and is entitled to the penalty. The amount of the penalty to which he is entitled depends upon the circumstances of each case, the extent of the wrong he has suffered by the failure to construct the stock guards.

Reversed and remanded for a new trial.