CHOCTAW & MEMPHIS RAILROAD COMPANY v. GOSET.

Opinion delivered May 10, 1902.

1. APPEAL—REVIEWABILITY OF ERROR.—A ruling of the trial court in admitting evidence is not reviewable where it was not made a ground for new trial.   (Page 429.)

2. NEW TRIAL—SUFFICIENCY OF ASSIGNMENT OF ERROR.—A ground for new trial "because of errors of law occurring at the trial and excepted to by the defendant" is too general to point out an error in admitting evidence.   (Page 430.)

3. SAME—A ground for new trial because "the verdict of the jury was not sustained by the evidence" goes to the legal effect and weight of the evidence, but not to its competency.   (Page 430.)

4. SAME.—A ground for new trial because "the court erred in refusing to instruct the jury to return a verdict in favor of the defendant" raises a question as to whether the proof was legally sufficient to sustain a verdict for plaintiff, but does not question the competency of the evidence nor challenge the correctness of the court's ruling in admitting evidence.   (Page 430.)

5. RAILROADS—SAFE STOCK GUARDS—INSTRUCTION.—In an action to recover a penalty against a railroad company for failure to construct "suitable and safe stock guards" on either side of plaintiff's enclosed lands, an instruction that the mere fact that animals occasionally passed over the stock guards was not sufficient evidence to establish the fact that the stock guards were unsuitable and unsafe was properly refused, as it was a question for the jury whether the stock guards were as perfect and as well adapted for the purpose of turning stock as it is practicable to make it, in connection with the safe and prudent operation of the road.   (Page 431.)

Appeal from Sebastian Circuit Court.

STYLES T. ROWE, Judge.

Affirmed.

*J. W. McLoud* and *E. B. Peirce,* for appellant.

A statement in writing by a constable as to how service was made is not competent.   60 S. W. 657.   The right of way conveyance operated as an estoppel against appellee from claiming any

right to compel appellant to construct stock guards. 47 Ark. 330; 35 Am. & Eng. R. Cas. 178; 100 Ind. 301. Railroads cannot be compelled to perform impossibilities. 58 Mich. 200. Railroads are excused from performing duties which endanger the lives of their servants or passengers, or interfere with the transaction of their business. 94 Ind. 45; Thornton, Railroad Fences and Crossings, § 94; 70 Ia. 522; 13 Am. & Eng. R. Cas. 540; 58 Mich. 200.

*Appellee pro se.*

The affidavit of service was proof of same and competent. Sand. & H. Dig., §§ 5890, 2971; 51 Ark. 145. The question of service or proof of same cannot now be raised. 39 Ark. 423; 23 Ark. 23; 33 Ark. 114. Service must be proved in some way. 3 Estes, Pl. & Forms, 234. Evidence not objected to on the trial cannot be objected to in this court. 63 Ark. 469; 9 Ark. 530; 3 Ark. 146; 10 Ark. 485; 38 Ark. 226; 39 Ark. 482. A deed conveys only what it purports to convey. Sand. & H. Dig., §§ 6238-39. If there is evidence to support the verdict, it will not be reversed here. 57 Ark. 577; 10 Ark. 138. Errors relied upon for reversals must be in the motion for a new trial. 39 Ark. 423; 38 Ark. 539; 60 Ark. 256. The instructions complained of were in appellant's favor, and it cannot complain. 26 Ark. 145. It is not error for an instruction to assume an undisputed fact. 51 Ark. 145. The first instruction was properly refused. 59 Ark. 323. Where testimony is different from the allegations, and is admitted without objection, it will be considered immaterial, or that the complaint was amended. 60 Ark. 614; 44 Ark. 486; 56 Ark. 602. The meaning of the word "damages" will be determined from the context and surrounding circumstances. 14 Ark. 329.

*J. W. McLoud* and *E. B. Peirce,* for appellant, in reply.

The errors complained of were properly pointed out, and exceptions saved. 65 Ark. 525; 68 Ark. 548; 13 Ia. 237.

RIDDICK, J. This is an appeal from a judgment of the circuit court of Sebastian county, rendered in favor of John Goset and against the Choctaw & Memphis Railroad Company, for the sum of $200 as a penalty for its failure to construct "suitable and safe stock guards" on either side of enclosed land owned by Goset and traversed by the railroad of defendant.

A statute of this state requires that where a railroad passes through enclosed land of another it shall be the duty of the company owning the road, upon receiving ten days' notice in writing from the owner of the land, to construct "suitable and safe stock guards" on either side of the enclosure where the railroad enters and to keep the same in good repair. For a failure to comply with this requirement of the law the statute imposes a penalty of not less than $25 nor more than $200, to be recovered in a civil action by the person aggrieved. Sand. & H. Dig., §§ 6238, 6239. It will be noticed that, in order to recover the penalty, the plaintiff must show a ten days' notice to the company and thereafter a failure on the part of the company to construct the stock guards required by the statute. On the trial in this case the plaintiff, Goset, undertook to show that he had given the notice in writing to the company as required, and for this purpose he offered in evidence a written notice to the company to which was attached an affidavit of R. Parks, stating that he had duly served the notice upon the company by leaving a copy of the notice with an agent of the company. The company objected to the introduction of this affidavit as proof of the service of the notice, on the ground that it was not competent evidence of that fact. But the court overruled the objection, and the defendant excepted. This court said in a recent case that the fact of service of the notice in a case of this kind must be proved like any other fact the proof of which is not provided for by statute. *Kansas City, P. &·G. Ry. Co.* v. *Lowther,* 68 Ark. 238. As this was not, strictly speaking, a notice given in an action, it is at least doubtful whether there is any provision for the proof of the service thereof by an affidavit. See Sand. & H. Dig., § 2971. But, however that may be, the point is made by counsel for appellee in his brief in this court that the question is not properly before us for review, for the reason that the ruling of the court in admitting this affidavit as proof of the service of the notice was not set up as a ground for new trial in the motion filed for that purpose in the circuit court. If this statement of the appellee is correct, the question as to the admissibility of this affidavit is not before us for review, for it is well settled that the rulings of the trial judge in admitting evidence cannot be reviewed here where the ruling is not made a ground for new trial. *Graham* v. *Roark,* 23 Ark. 19.

There are three grounds set up in the motion for new trial which appellant contends brings before us the ruling of the trial judge in admitting the affidavit referred to.

One of these grounds in the motion is "because of errors of law occurring at the trial and excepted to by the defendant." But this was too general. It pointed to no particular ruling of the court, and the court did not err in overruling it. *Howcott* v. *Kilbourn,* 44 Ark. 213; *Edmonds* v. *State,* 34 Ark. 721.

Another of these grounds assigned for new trial is that "the verdict of the jury was not sustained by the evidence." But the question raised by this assignment goes to the legal effect and weight of the evidence, and not to its competency. In passing on the question as to whether the circuit judge erred in overruling this ground of the motion, we must look to all the evidence before the jury, and, assuming it to be competent, we are then to say whether it is sufficient to support the verdict. The jury were bound to consider all the evidence before them, and, as this ground of the motion for new trial questions the correctness of their finding, the court in passing on that question must also look to all the evidence admitted by the trial court, and cannot disregard any portion of it on the ground that it was incompetent.

As a matter of course, a verdict or judgment may be set aside on account of the admission of incompetent evidence, but, to quote the language of the supreme court of California, "that which vitiates the verdict in such a case is the error of the court admitting the evidence," and to raise that question on appeal the ruling of the court in admitting the evidence should be made a ground for a new trial. Where the only objection is that the verdict was not authorized by the evidence, the question of competency is not a matter of consideration; and in passing on that question whatever was before the jury must be regarded as proper and legitimate evidence. *McCloud* v. *O'Neall,* 16 Cal. 392.

The same thing may be said of the other ground of the motion for new trial, that "the court erred in refusing to instruct the jury to return a verdict in favor of the defendant." This ground raises the question also as to whether the proof was legally sufficient to sustain a verdict for plaintiff, but it does not question the competency of the evidence or challenge the correctness of the ruling of the court in admitting evidence.

There is no other ground in the motion for new trial that can be said to raise any question as to the ruling of the court in admitting the evidence, and we are therefore of the opinion that the point must be taken as waived, not being raised by the motion for new trial.

There are other points raised by the appeal, but we have considered them, and find no reversible error. The defendant asked the court to instruct that the mere fact that animals occasionally passed over the stock guards was not sufficient evidence to establish the fact that the stock guards were unsuitable and unsafe. The evidence in this case showed that a large number of hogs and also some cattle passed this stock guard, and that instruction under such a state of facts was properly refused, for it was an instruction as to the weight of evidence. It does not, of course, necessarily follow, because a hog or a cow passed a stock guard, that it is unsafe and unsuitable, within the meaning of the statute. There was evidence in this case tending to show that it was impossible to construct a stock guard that will under all circumstances turn all kinds of stock. It was shown that some hogs get to be expert in climbing fences and crossing stock guards, and are extremely hard to keep out of an inclosure they wish to enter, and for this reason the mere fact that one or more animals pass a stock guard is not conclusive evidence that the company has failed to discharge its duty. The law does not impose an impossible or impracticable duty upon the company, and when its stock guard is as perfect and as well adapted for the purpose of turning stock as it is practicable to make it, in connection with the safe and prudent operation of the road, that is all the law requires, and the company has discharged its duty under the statute.

But the question is usually one of fact for the jury, and it would not be proper for the court to instruct them that the company has discharged its duty if the guard is similar to those used by other first-class railroads; nor in a case like this to instruct that the fact that stock occasionally pass the stock guards is not sufficient to show that the guards are unsafe. For these reasons the court did not err in refusing the instructions asked by defendant. On the whole case, we think the judgment should be affirmed, and it is so ordered.