ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY v. MENDENHALL.

Opinion delivered December 20, 1902.

RAILROADS—SUFFICIENCY OF NOTICE TO CONSTRUCT STOCK GUARDS.—A notice to a railroad company to construct a stock guard on both sides of an enclosure in a certain eighty-acre tract of land sufficiently describes the enclosure, if the land is properly described, and there is but one enclosure on the land.

Appeal from Sebastian Circuit Court, Greenwood District.

STYLES L. ROWE, Judge.

Affirmed.

### STATEMENT BY THE COURT.

This is a suit to recover a penalty, under §§ 6238, 6239, of Sandels & Hill's Digest. They are as follows:

"It shall be the duty of all railroad companies organized under the laws of this state, which have constructed, or may hereafter construct, a railroad which may pass through or upon any enclosed lands of another, whether such lands were enclosed at the time of the construction of such railroad or were enclosed thereafter, upon receiving ten days' notice in writing from the owner of said lands, to construct suitable and safe stock guards on either side of said enclosure where said railroads enter said enclosure and to keep the same in good repair.

"Any railroad company failing to comply with the requirements of the preceding section shall be liable to the person or persons aggrieved thereby for a penalty of not less than $25 nor more than $200 for each and every offense, to be collected by civil action in any court having jurisdiction thereof."

Appellee testified that on the 15th day of August, 1898, he served a notice upon the defendant, the same being served upon E. T. Shaw, agent at Greenwood, directing the railway company to construct a safe and suitable stock guard on the north side of the enclosed land where the railroad entered the same. The notice was then submitted in evidence by the plaintiff and reads as follows:

To the St. Louis, Iron Mountain & Southern Railway Company:

You are hereby notified to construct a suitable and safe stock guard on the north side of my enclosed lands where your railroad enters the same, said lands being the southwest quarter of the southeast quarter and the southeast quarter of the southwest quarter in section 35, township 7 north, range 31 west; the said enclosure some two and one-fourth miles from Greenwood depot. You are further notified to construct said stock guard according to law within ten days after the service of this notice.

[Signed]                               J. R. Mendenhall.

The following indorsement appeared on the back of this notice:

STATE OF ARKANSAS, ⎫
COUNTY OF SEBASTIAN, ⎬
GREENWOOD DISTRICT. ⎭

I certify that I have this 15th day of August, 1898, duly served this notice by delivering a true copy of same to E. T. Shaw, depot agent at Greenwood of the within-named St. Louis, Iron Mountain & Southern Railway Company.

W. T. BUGG, Sheriff, by W. M. YOWELL, Deputy Sheriff.

*Lovick P. Miles* and *Dodge & Johnson,* for appellant.

Proof of service of the notice was insufficient. 16 Am. & Eng. Enc. Law, 827; Sand. & H. Dig., §§ 5890, 6238, 6239; 67 Ark. 357.

WOOD, J., (after stating the facts.) Appellant seeks the reversal of a judgment against it for $25:

(1) *Because the proof of service of the notice to construct a cattle guard was insufficient.* The indorsement purporting to be the certificate of the sheriff, by his deputy, on the back of the notice, showing that he had served the same, was no proof of the service of the notice. *Kansas City, P. & G. Ry. Co.* v. *Lowther,* 68 Ark.

238; *Kansas City, P. & G. Ry. Co.* v. *Pirtle, Id.*, 548.   This cer-
tificate did not affect the question of the service of the notice one
way or the other.   But the plaintiff testified that "he served a
notice upon E. T. Shaw, agent at Greenwood."   This was proof of
the service of such notice, and the certificate, not being evidence of
anything, could not be used to contradict the plain statement of ap-
pellee that "he served the notice."   If the certificate could serve the
purpose of proof of service of notice at all, it would only show that
the notice in fact was served, and the result would be the same.
For it is the fact of service, and not who served, that is material.

(2)   *Because "the notice did not accurately and sufficiently
describe plaintiff's enclosure."*   It was undisputed that appellee's
railway passed through appellee's enclosure situated upon the south-
west quarter of the southeast quarter and the southeast quarter of
the southwest quarter, sec. 35, township 7 north, range 31 west.
This was the land described in the notice, and the notice plainly
directed that the stock guard should be constructed "on the north
side of my enclosed land where your railroad enters same."

It is not pretended that there was more than one enclosure
upon the eighty described.   It is not possible that this one enclosure
could have had more than one north side.   It is not pretended that
the railway entered the enclosure at more than one point on the
north side.   The notice was therefore sufficiently definite.

Affirm.