ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY *v.* HALE.

Opinion delivered March 18, 1907.

1. RAILROADS—CONSTRUCTION OF STOCKGUARDS.—Under Kirby's Digest, § 6757, providing that if a railway company of another State shall lease a railroad in this State such railroad shall be subject to all regulations governing railroads in this State, a railroad corporation of another State which leases a railroad in this State becomes subject to the statutory regulation requiring railroad companies to construct stockguards in certain cases. (Page 176.)

2. SAME—SUFFICIENCY OF INCLOSURE.—Kirby's Digest, § 6644, requiring railroad companies to construct stockguards when their roads enter inclosed lands, applies wherever a railroad enters land of another inclosed by a fence calculated to keep out stock of most kinds, whether it be, strictly speaking, a lawful fence or not. (Page 176.)

3. SAME—SERVICE OF NOTICE TO CONSTRUCT STOCKGUARDS.—A notice to a railroad company to construct a stockguard may be served upon any station agent of the railroad company in the county. (Page 177.)

Appeal from Mississippi Circuit Court; *Frederick D. Fulkerson,* Judge; affirmed.

*L. F. Parker* and *W. J. Orr,* for appellant.

The statute requiring railroad companies to construct cattleguards is in derogation of the common law, and penal in its nature, and should be strictly construed. 67 Ark. 358; 59 *Id.* 356; 68 S. W. 879; 57 Ark. 16; 48 *Id.* 493; 72 S. W. 574; 57 Ark. 330; 86 S. W. 764.

Service of notice under the cattle-guard statute must be personal service, and not merely service on an agent of the company. 68 Ark. 238; 60 S. W. 657; 68 *Id.* 879; 86 *Id.* 242; 87 *Id.* 610; 18 Barb. 393; 25 *Id.* 635; 13 Hun, 211; 69 Fed. 819; 49 Ia. 255; 79 Mo. 328; 141 U. S. 344. Wade on Notice, § § 1334, 1335.

Plaintiff failed to show that he had a lawful fence around his lands. A lawful fence is necessary to make an inclosure; therefore appellee can not recover, for his lands must be inclosed. 55 S. W. 134.

*S. S. Semmes,* for appellee.

All proceedings under the Code shall be liberally construed, with a view to promote its object and assist the parties in obtaining justice. 59 Ark. 243; 65 *Id.* 199; *Id.* 521. Sec. 6271 of Kirby's Digest provides that notices to corporations may be served in the same manner as a summons in an action against it. It is sufficient to serve such notices on the station agent. 68 Ark. 238; *Id.* 548; 70 *Id.* 429; 71 *Id.* 133.

RIDDICK, J. This is an appeal by a railway company from a judgment rendered against it in the circuit court of Mississippi County for a penalty of $200 for failing to construct stock gaps at two places where the railroad operated by defendant passed through inclosed land owned by plaintiff.

The first contention on part of the defendant is that it is only the lessee of the railroad, and not the owner thereof, and that the statute requiring railroad companies organized under the laws of this State to construct stock gaps in certain cases does not apply. But our statutes provide that any railroad corporation of another State leasing any railroad in this State shall become subject to all the regulations and provisions of law governing railroads in this State, and held liable for the violation of any such laws. Kirby's Digest, § § 6732, 6743, 6757, 6758. These provisions put the defendant in the same situation, as the railroad company which first constructed the road, and any failure to obey the statute subjects it to the penalties pronounced by the statute. *Russell* v. *St. Louis S. W. Ry. Co.,* 71 Ark. 451.

It is next said that the evidence shows that the fence inclosing plaintiff's lands was not a lawful fence within the meaning of the statute which provides that owners of horses, cattle and other stock that break into fields inclosed by fences of the kind specified in the statute shall respond in damages to the party injured. But we do not think that statute applies to this case, or that it is necessary that the inclosed land through which the railroad runs should be inclosed by a fence of the kind and dimensions specified in the statute defining "lawful fences." It is sufficient if the land through which the railroad runs is inclosed by a fence calculated to keep out stock of most kinds, whether it be, strictly speaking, a lawful fence or not. The evidence shows that the fence around the inclosure involved in this case was a good wire fence, though it did not have any

plank on it, and in other respects was not strictly speaking a "lawful fence" under the statute in reference to inclosures. The ·uncontradicted evidence shows that this was inclosed land within .the meaning of the stock-gap statute, and no prejudice resulted from the instruction of the circuit court on this point.

Lastly, it is said that the notice to put in the stock gap was ·not served upon the proper person, and for that reason no penalty can be recovered. · The notice was served .on a station agent of the defendant company in the county where the action was brought. In *Kansas City, P. & G. Ry. Co.* v. *Lowther,* 68 Ark. 238, it was held that service of a notice of this kind could not be proved by the return of the officer. who served it. This ruling was based on the absence of any statute ·requiring such notices to be served by officers or making the return of the officer evidence of service. The court called attention to the fact that the only provision on the subject was the one in the Code which provided that "the notices mentioned in the Code shall be in writing, and may be served by a sheriff, constable, ·coroner or marshal of a town or city, whose return thereon shall be proof of the service." Kirby's Digest, § 6267. · The court said that this provision in the Code did not cover the notice required in the stock-gap statute, for this statute was passed long after the Code, whereas the section of the Code referred to was limited specially to notices mentioned in the Code. It will be seen ·by reference thereto that the decision in that case was confined ·to the question of proof of service. The court did not hold or intimate that a service of such a notice upon a station agent of the company was not sufficient. In fact, the return of the officer in that case showed that the service of the notice was made on the station agent. The agent denied that any notice was served on him, and the court held that the return of the constable was not competent evidence of the service. From the· stress laid on the want of proof of service in that case we infer that, if the service of the notice on the station agent had been shown by competent evidence, the judgment against the company would · ·have been affirmed. Not only in that case but in· many other ·cases decided by this court service of notice under the stock- ·gap statute upon a station agent of the company has been recognized as proper. *St. Louis, I. M. & S. Ry. Co.* v. *Mendenhall,*

71 Ark. 133; *Choctaw & M. Rd. Co.* v. *Goset,* 70 Ark. 429.; *Kansas City, P. & G. Ry. Co.* v. *Pirtle,* 68 Ark. 548. In each of the three cases just cited the plaintiff claimed to have made the service on the agent. In one of them, as in the Lowther case, the judgment was reversed because the service was only shown ·by the return of an officer. In the other two the proof of service was sufficient, and the court upheld the judgments, though the service was on the station agent, in effect holding that a station agent of the company was a proper person upon whom to serve the notice to the company.

While there may be no statute which expressly authorizes a service upon the station agent in cases of this kind, yet, when the stock-gap statute is considered in connection with other statutes directing service of notices upon corporations, we think the courts were justified in concluding that it was proper to serve such notices in that way. There is a section of the Code which provides that "a notice to a corporation may be served in the same manner as a summons in an action against it." Kirby's Digest, § 6271. This section is not confined to notices mentioned in the Code, but is a general provision in reference to notices to corporations and the persons upon whom they may be served, in suits and proceedings against them in courts. A subsequent statute provided that in actions against railway companies summons may be served upon any agent of any station of the defendant in the county where the action is brought. Kirby's Digest, § 6045. The Legislature by these two sections has provided that all notices to railway corporations in suits against them may be served upon the station agent. In other words, the station agent by express statutory provisions is made the proper person upon whom to serve such notices.

When the stock-gap statute was passed making it the duty of railroad companies to put in stock gaps on either side of inclosures within ten days after being notified in writing by the owner of the land, and subjecting them to a penalty for failure to do so, to be recovered in a civil action by the person· aggrieved, no provision was made as to the person upon whom such notice should be served, the Legislature probably being of the opinion that such notices could be served upon the station agents of the companies as notices in suits at law and equity against them were

served. If this was not the intention of the Legislature that such notices should be served upon the station agents of the company, then the statute could not be enforced against many railway companies owning railway lines in this State, for many of such companies are non-resident corporations whose general officers reside outside of the State. For this reason the universal practice, so far as shown by the decisions of this court, has been to serve such notices upon some station agent of the company in the county where the action is brought. This practice, as we have seen, has been inferentially approved by numerous decisions of this court. It has grown to be the settled practice in such cases, and involves no hardship whatever upon such corporations. It is evidently in line with the legislative intent in passing the statute, and we see no reason why it should be disapproved now, when to do so would leave many persons owning land traversed by railway lines practically without any means of enforcing the statute. For these reasons we are of the opinion that the service of notice on the station agent was sufficient.

Judgment affirmed.