ST. LOUIS SOUTHWESTERN RAILWAY COMPANY *v.* WARNER.

Opinion delivered April 13, 1908.

1.  RAILROADS—CONSTRUCTION OF STOCKGUARDS.—Under Kirby's Digest, § 6644, making it the duty of railroad companies which have constructed or may construct a railroad through inclosed lands, "upon receiving ten days' notice from the owner of such lands, to construct suitable and safe stockguards on either side of the said inclosure

where said railroads enter said inclosure," the fact that plaintiff's inclosure adjoins another inclosure through which the railroad has been built, and that stockguards have been constructed where the railroad enters the same, will not deprive him of the right to have stockyards on either side of his inclosure. (Page 50.)

2. Same—sufficiency of inclosure.—Kirby's Digest, § 6644, requiring railroad companies to construct stockguards where their roads enter inclosed lands, applies whenever a railroad enters land of another inclosed by a fence calculated to keep out stock of most kinds, whether it be a lawful fence or not. *St. Louis & S. F. Rd. Co. v. Hale*, 82 Ark. 175, followed. (Page 50.)

Appeal from Craighead Circuit Court; *Frank Smith*, Judge; affirmed.

*S. H. West* and *J. C. Hawthorne*, for appellant.

1. The court erred in refusing the 3d, 4th, 5th and 6th instructions requested by appellant. The statute is highly penal, and must be strictly construed. 68 Ark. 334; 64 Ark. 284. And where a railroad is constructed through two adjoining farms, separated only by a cross fence, and stockguards are properly constructed and maintained at the points of entrance and exit, this is a compliance with the spirit and intent of the statute. Kirby's Digest, § 6664.

2. Appellee failed to maintain a sufficient fence, and ought not to recover.

*F. G. Taylor*, for appellee.

1. The statute is plain, means what it says, and is mandatory. Unless complied with, neither of two adjoining owners is protected against the cattle of the other. 23 Am. & Eng. Enc. of L., 728 and note 4.

2. The question as to whether appellee maintained a sufficient fence was fully submitted by an instruction given by the court. A sufficient fence was all the law required. 82 Ark. 175.

Battle, J. On the second day of September, 1904, Mrs. S. J. Warner commenced an action against St. Louis Southwestern Railway Company, and alleged that she was the owner of a certain tract of land, that it was inclosed, and that the defendant was the owner and operated a railroad across the

land, and had failed to construct a cattle guard at the place where its road entered the inclosure, although it had been requested in writing so to do; and asked for the penalty of $200 on account of such failure.

The defendant answered, and admitted that its road entered the inclosure mentioned, and that it did not construct a cattle guard where its line of road entered the west side of the inclosure, and, among other things, pleaded as a reason therefor that Mrs. A. J. Patrick owned a farm immediately west of the land mentioned in plaintiff's complaint, and had the same inclosed, and that it constructed a good and sufficient cattle guard where its road entered the west inclosure of Mrs. Patrick's farm, and that there was no occasion for constructing the cattle guard where its road entered the inclosure of plaintiff on the west boundary of her farm, and alleged that it had constructed a sufficient cattle guard at the east enclosure of the farm.

Plaintiff owned the land described in her complaint, it was inclosed, and there was a fence between it and Mrs. Patrick's farm, which was immediately west of it. Plaintiff notified the defendant to construct cattle guards where its road entered her inclosure, which it failed to do. The jury in the case returned a verdict in favor of the plaintiff for $175.

The defendant complains only of the refusal of the court to instruct the jury, at its request, as follows:

"III. The jury are instructed that if they find from the evidence that the railway line of the defendant enters an inclosure immediately west of the plaintiff's farm, and it constructed a good and sufficient cattle guard where it entered the inclosure of the farm immediately west of the plaintiff's farm, and that the plaintiff's farm is joined to and connected with the farm immediately west of it, so that there is no passage or passway between the plaintiff's farm and the one lying west of it, the statute does not require the construction of a cattle guard under such circumstances.

"IV. The jury are instructed that if they find from the evidence that the plaintiff in this action owns a farm contiguous to and joining the farm of the Patrick estate immediately west of the plaintiff's farm, and that there is no passage or pass-

way between the plaintiff's farm and that of the Patrick estate; and they further find that the defendant has constructed a legal and proper cattle guard where its line enters the farm belonging to the Patrick estate and where it enters the plaintiff's farm on the east boundary thereof, you will find for the defendant.

"V. The jury are instructed that if they find from the evidence that the defendant constructed a suitable and safe cattle guard on the east side of the inclosure of the plaintiff's farm where its line of road enters said farm, and that said farm is adjoining the farm of the Patrick estate and is inclosed with it so there is no passage or passway between the two farms, and further find that it constructed a safe and suitable cattle guard and kept the same in good repair where it entered the western boundary or western inclosure of the said A. J. Patrick estate, then they will find for the defendant, as the construction of such cattle guard is a compliance with the statute.

"VI. The jury are instructed that before they can find for the plaintiff they must find from the evidence that the plaintiff had the land in question inclosed with a substantial and lawful fence."

This action is based on the following statutes: "Section 6644. It shall be the duty of all railroad companies organized under the laws of this State, which have constructed, or may hereafter construct, a railroad which may pass through or upon any inclosed lands of another, whether such lands were inclosed at the time of the construction of such railroad or were inclosed thereafter, upon receiving ten days' notice in writing from the owner of said lands, to construct suitable and safe stockguards on either side of said enclosure where said railroads enter said inclosure, and to keep the same in good repair."

"Section 6645. Any railroad company failing to comply with the requirements of the preceding section shall be liable to the person or persons aggrieved thereby for a penalty of not less than twenty-five dollars nor more than two hundred dollars for each and every offense, to be collected by civil action in any court having jurisdiction thereof."

Under these statutes the owner of inclosed land, through or upon which a railroad may be constructed by a railroad company organized under the laws of this State, is entitled to a suitable and safe stockguard built by the railroad company on either side of his inclosure where the railroad enters the same. This right, except as to inclosure, is unconditional. The fact that his inclosure adjoins another through which the railroad has been built and cattle guards have been constructed where the railroad enters the same will not deprive him of this right, unless the railroad passes through the inclosures at the same place and cattle guards have been constructed at such place; but that will not deprive him of the right to a cattle guard on the other side of his inclosure where none has been made. Unless the cattle guards be constructed in the manner indicated, they will not answer the purpose for which they are required; and one owner will be dependent upon the other for protection and subject to the depredation of cattle and other animals coming on and running at large upon the other's premises.

As to the inclosure of the land through which the railroad passes, it is not necessary that it be a lawful fence, as defined by the statute, before the owner can be entitled to cattle guards. It is sufficient if it be a "fence calculated to keep out stock of most kinds." *St. Louis & San Francisco Railroad Co.* v. *Hale,* 82 Ark. 175.

It follows that the court did not err in refusing instructions.

Judgment affirmed.

HILL, C. J., did not participate.