## KANSAS CITY SOUTHERN RAILWAY COMPANY *v.* GREER.

### Opinion delivered May 10, 1909.

1. APPEAL AND ERROR—QUESTION NOT RAISED BELOW.—The objection that
the suit was prematurely brought cannot be raised on appeal for the
first time. (Page 535.)

2. ACTIONS—PREMATURENESS—WAIVER.—The objection that an action
against a railroad company to recover the statutory penalty for fail-
ure to repair the stockguards on either side of plaintiff's inclosure
was brought before expiration of ten days after notice was given to
it to make such repairs was waived by filing an answer which did not
raise that question. (Page 536.)

3. RAILROADS—STOCKGUARDS—SUFFICIENCY OF NOTICE.—Under Kirby's Di-
gest, § 6644, requiring that notice be given to a railroad company to
construct suitable and safe stockguards on either side of an inclosure,
a notice which apprises the railway company that stockguards are

needed at plaintiff's inclosure, giving the quarter section in which such inclosure is located, is sufficient, without describing such inclosure by metes and bounds. (Page 536.)

4.  SAME—INSTRUCTION.—An instruction to the effect that a railway company is required to furnish "good and sufficient" stockguards at an inclosure is substantially in accord with the statute requiring "suitable and safe" stockguards. (Page 537.)

5.  SAME—LIABILITY FOR NONREPAIR OF STOCKGUARDS.—It was not error ·to tell the jury, in a suit to recover the statutory penalty for failure of a railway company to repair stockguards, that they are not to take into consideration whether plaintiff was damaged, but only whether after notice it repaired the stockguards. (Page 537.)

6.  SAME—INSTRUCTION AS TO SUFFICIENCY OF STOCKGUARDS.—An instruction, in an action to recover the statutory penalty from a railway company for failure to repair stockguards, to the effect that the burden is on the plaintiff to show that the stockguards are insufficient is not objectionable as making the railway company an insurer of the sufficiency of the stockguards. (Page 537.)

7.  SAME—HOW AMOUNT OF PENALTY DETERMINED.—In determining what penalty shall be assessed against a railway company for failure to construct or repair stockguards, it is proper for the jury to take into consideration the actual damages suffered by plaintiff and any mitigating circumstances shown by defendant. (Page 538.)

Appeal from Sevier Circuit Court; *James S. Steel*, Judge; affirmed.

### STATEMENT BY THE COURT.

The complaint alleged that the appellant operated a railroad through the land of plaintiff described as follows: S. E. ¼ N. E. ¼ sec. 2, Tp. 10 S., R. 32 west, except ten acres cut off west side thereof, also as follows: Beginning at the S. E. corner of N. W. ¼ N. W. ¼ sec. 1, Tp. 10 S., R. 32 west, thence west 15 chains and 50 links, thence north 6 chains and 50 links, thence east 15 chains and 50 links, thence south 6 chains and 50 links, situated in Sevier County, Arkansas. That appellant permitted its stockguards to get out of repair where the railroad passes through the tract above described; that appellee on the 31st day of May, 1907, gave appellant notice that said stockguards were out of repair, and had the notice served on the station agent of the company at Horatio, in Sevier County, and that appellant failed and refused to repair the stockguards as demanded in the notice. The prayer was for judgment in the sum of two hun--

dred dollars, or such sum as to the court deemed just, not less than $25 nor more than $200.

The original complaint was indorsed filed 11th day of May, 1907, and the amended and substituted complaint, the substance of which is set out *supra,* was filed 16th day of July, 1908.

The defendant answered, denying all the material allegations of the complaint except that appellant's railroad passed through the land as described in the complaint. It set up that the fence was kept in such bad condition that it will not prevent cattle and hogs from going through said inclosure and destroying plaintiff's crops. The appellant also filed a general demurrer. Appellant prayed judgment for costs.

There was evidence tending to prove that during the month of May, 1907, stock went in and out of plaintiff's inclosure to the lands described in the complaint, through the stockguards of aplant; that the following notice was served on appellant, to-wit: "To the Kansas City Southern Railway Company.

"Gentlemen: You are hereby notified that your stockguard; where your line of railroad enters my inclosed field, being S-pt of N. W. ¼, sec. 1, Tp. 10 S., R. 32 W. and the pt. S-2 of NW-4 in sec. 1, Tp. 10 S., R. 32 W. in Sevier County, Arkansas, are in such defective condition that hogs and cattle enter said inclosure through said stockguards at will. And you are hereby notified and requested to repair said guards so as to prevent the passage of stock over or through said guards within ten days from this date.

"This the 30th day of May, 1907.
                    "Mrs. L. H. Greer,
                    "By J. W. Everett, her attorney."

The following indorsement purports to show how the notice was served:

"I, the undersigned, constable of Clear Creek Township, County of Sevier, and State of Arkansas, do hereby certify that this notice came to my hands on this 31st day of May, 1907, and that I have duly served the same by delivering a true copy thereof to the agent at Horatio, Arkansas, of the Kansas City Southern Railway Company.

                    "W. A. Poole, Constable of Clear Creek Township."

And the testimony of the constable and another witness shows that it was served in the manner here indicated.

It was shown that appellant did not repair the stockguards until June 17, that the guards were in a condition during the month of May, 1907, to permit stock to go through the same. Appellee introduced her deed showing title to the land.

The court gave the following instruction: "The court instructs the jury that this is an action wherein the law provides that a failure to keep sufficient stockguards where a railroad passes through inclosed lands, and a failure to repair or construct a good and sufficient stock guard or guards upon a 10 days' notice, the law makes it a penalty. And in arriving at a verdict you are not to take into consideration the question of damages sustained, but the manner in which defendant treated such notice in complying with such request. And that the burden is upon the plaintiff to prove that the stockguards were insufficient, and that the notice was given and their failure to comply with the notice. This proved, the burden of the amount of penalty shifts on the defendant to prove mitigating circumstances.

"If the jury believe from a preponderance of the evidence that the defendants operated their railroad through the inclosed lands of the plaintiff, and failed and neglected to construct suitable stockguards on either side of said inclosure where said railroad entered said inclosure and to keep the same in good repair after having received ten days' notice in writing from the owner of said lands to so construct and keep said cattle guards, you will find for the plaintiff not less than $25 nor more than $200."

The appellant duly excepted. The appellant asked for peremptory instruction, and the court refused to grant the prayer, and appellant duly excepted. The verdict and judgment were for $125.

Appellant reserved its various assignments of error in motion for new trial, which was overruled, and this appeal was duly presecuted.

*S. W. Moore* and *Read & McDonough*, for appellant.

1.    Under the statute a railway company is not required to construct cattle guards, nor to repair defective ones, until after notice has been given. The complaint was filed in this case on May 11, 1907, and alleges notice served May 31, 1907. Kirby's

Dig. § 6644; 21 Ark. 186; *Id.* 499; 54 Ark. 121; 22 Ark. 572.
The action being prematurely brought, the amended or substituted complaint did not cure the defect. 14 Ark. 427; 145 Fed.
874 and cases cited; 118 N. W. 51; 117 N. W. 999; 67 Tenn. 19;
4 Mass. 263; 64 N. H. 313; 27 Mass. 31; 102 Mass. 65; 122
Cal. 244.

2. The notice is wholly insufficient, in that it describes no
land, nor what cattle guard is defective, where located, nor in
what respect it is defective. 71 Ark. 133.

3. The court's instruction errs in telling the jury to consider the manner in which appellant treated the notice; also with
reference to the burden of proof, in effect telling the jury to
find for the plaintiff in the sum of $200, unless mitigating circumstances were proved; and also errs in making the company the insurer of the sufficiency of the cattle guard. Kirby's
Dig. § 6645; 68 Ark. 238; 70 Ark. 427; 68 Ark. 548; 71 Ark.
133; *Id. 232.*

WOOD, J., (after stating the facts). 1. Section 6644 of
Kirby's Digest provides: "It shall be the duty of all railroad
companies organized under the laws of this State, which have
constructed, or may hereafter construct, a railroad which may
pass through or upon any inclosed lands of another, whether
such lands were inclosed at the time of the construction of said
railroad or were inclosed thereafter, upon receiving ten days'
notice in writing from the owner of said lands, to construct suitable and safe stockguards on either side of said inclosure where
said railroads enter said inclosure and to keep the same in good
repair."

Section 6645 prescribes a penalty of not less than $25 nor
more than $200 to go to the party aggrieved by reason of a
failure to comply with the statute.

The apellant contends that the suit was brought before the
cause of action accrued, and was therefore premature, because
the allegation of the complaint and the proof show that the notice
which must be given before there can be any cause of action,
was not given till May 30, 1907, whereas the original complaint
was filed May 11, 1907. But the appellant demurred to and
answered the complaint, and it does not raise the question in its
answer or demurrer. In fact, it only raises the specific question

here for the first time. Moreover, the appellee on July 16, 1908, filed an amended and substituted complaint alleging a cause of action which had then accrued. There was no objection to this proceeding, and the cause progressed to trial and judgment upon this complaint and the answer, originally filed, as an answer to the substituted complaint. The proceeding was equivalent to a new suit begun on the date of the filing of the substituted complaint.

The last announcement of the court on these points is in *Ferguson* v. *Carr*, 85 Ark. 246, where Judge McCULLOCH, speak-for the court on motion to rehear, said: "The objection that an action has been brought prematurely is waived by failure to object at the proper time. It has also been held that the bringing in of a new cause of action which accrued after the commencement of the suit is waived by filing of an answer which does not raise that question as a defense." Citing cases.

2. Appellant does not deny that its railroad passes through appellee's inclosure on the land as described in the complaint. Appellant, while denying that it received any notice whatever, does not deny that the notice was sufficient in form, if given.

The statute only requires "notice from the owner to construct suitable and safe stockguards on either side of said inclosure where said railroad enters said inclosure and to keep the same in good repair." It will be observed that an accurate description of the land by legal subdivisions or metes and bounds is not essential.

The notice informs appellant that "its stockguards where its line of railroad enters appellee's inclosed field" (giving the particular quarter section and the particular parts of the quarter section where the railroad entered the land and was situated, and the section, township and range of the land) are in defective condition. It would not have been difficult for the company under this notice to have ascertained where the cattleguards designated were entered.

The court in *St. Louis, I. M. & S. Ry. Co.* v. *Mendenhall*, 71 Ark. 133, cited by appellant, was not laying down any requirements for such notices, but was only passing upon the sufficiency of the notice in that case.

We are of the opinion that the notice under consideration

was amply sufficient in form to meet every demand of the statute, or of any decision heretofore rendered.

3. The first clause of the first paragraph of the instruction was merely a recital of the requirements of the statute under which the suit was brought. The instruction uses the words "good" and "sufficient," while in the statute the words are "suitable" and "safe." But they are substantially the same, and the instruction merely used the words "good" and "sufficient," without undertaking to define what they meant or the measure of duty required by them.

The second clause of the first paragraph, that tells the jury they are not to take into consideration the question of damages, but only the question as to whether or not appellant had complied with the notice and made repairs, was only meant to tell the jury that the liability of appellant did not depend upon the question of whether appellee was damaged, but only upon the question of whether, after notice, it had complied with the statute by keeping the stockguards in repair.

The third clause of the first paragraph, that places the burden on the appellee to show that the stockguards were insufficient, does not, as appellant contends, make appellee an insurer of the sufficiency of the stockguards. Requiring appellee to show that the stockguards were insufficient, as a condition of her recovery, is quite a different proposition from making appellant an insurer of their sufficiency. We see nothing in the instruction in conflict with the opinions of this court in *Choctaw & Memphis Railroad Co.* v. *Goset,* 70 Ark. 427, *Choctaw & Memphis Railroad Co.* v. *Vosburg,* 71 Ark. 232, and *St. Louis, Memphis & Southeastern Ry. Co.* v. *Busick,* 74 Ark. 589, where the measure of the duty of a railway company under this statute is correctly defined. The court in the first paragraph of the instruction did not undertake to declare what the words of the statute "suitable" and "safe" meant or the measure of appellant's duty thereunder. The measure of appellant's duty was defined in the second paragraph, and there is nothing contained therein in conflict with the above decisions. Appellee was entitled to recover when she proved that the stockguards were out of repair, and that she had given appellant notice as required by the statute to repair same, which it had failed to do. These facts being shown made appel-

lant liable, and the burden was then on appellant, as the instruction declared, to show any mitigating circumstances. But this language does not imply, as appellant argues, that, unless appellant did show mitigating circumstances, the jury were required to return a verdict for the maximum penalty. The jury in such cases are not required to return a verdict for the maximum penalty unless mitigating circumstances are shown by the railway company, nor are they required to measure the amount of their verdict by the actual or compensatory damages which the plaintiff may have shown. While the actual or compensatory damages do not constitute the inflexible criterion for the amount of the verdict, it is entirely proper for the jury to take these and all the mitigating circumstances into consideration in determining what amount of penalty they will assess between the minimum and maximum as prescribed by the statute. *Kansas City, Pittsburg & Gulf Ry. Co.* v. *Pirtle,* 68 Ark. 548.

Judgment affirmed.