## McALISTER *v.* ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

### Opinion delivered April 14, 1913.

1. RAILROADS—NOTICE TO DRAIN ROADBED.—Under section 6648 of Kirby's Digest, which provides that twenty days' notice shall be given to the officer, agent or employee of a railroad company, of a violation of Kirby's Digest, § § 6646, 6647, providing a penalty for failure to drain its roadbed within 200 yards of a farmhouse or residence, before a cause of action shall accrue, *held*, written notice served upon the station agent nearest the location of the place to be drained twenty days before suit was brought was sufficient compliance with the statute.   (Page 592.)

2. RAILROADS—LIABILITY FOR FAILURE TO DRAIN ROADBED.—Kirby's Digest, § § 6647 and 6648, provide a penalty against a railroad company, which shall "knowingly and wilfully" neglect to drain its roadbed within 200 yards of a residence or farmhouse.   *Held*, the statute means the neglect must exist not only with knowledge, but with the intention that it be done; and where a railroad company permits water to stand on its roadbed for two years, it will be held to know the condition of its roadbed, and if it permits the water to stand after twenty days' notice to drain, it will be held to have acted wilfully, with the intention to let the water remain.   (Page 592.)

3. APPEAL AND ERROR—EVIDENCE—NEGLIGENCE—QUESTION FOR JURY.—Under section 6647, of Kirby's Digest, fixing a penalty against a railway company for "knowingly and wilfully" permitting water to remain on its roadbed within 200 yards of a residence or farmhouse after twenty days' notice to drain the same, and the testimony is in conflict as to whether it could have been drained before the notice was given, or during the running of the twenty days, under all the circumstances a question is made for the jury, and it was error to withdraw the case.   (Page 593.)

Appeal from Clark Circuit Court; *Guy Fulk*, Judge on Exchange; reversed.

#### STATEMENT BY THE COURT.

Appellants brought suit against the railroad company for the penalty provided by the statute, section 6646 (as amended in 1907), 6648, Kirby's Digest, for its failure to drain a pond of water on its right-of-way within 200 yards of his residence.   The complaint alleged that the pond was created by the construction of the cul-

vert and roadbed and that the railroad company for more than twenty days after service of notice upon it of its violation of the statute, as required, had failed and refused to drain said pond. The answer denied that notice was served, as alleged, but admitted service upon its agent; denied all the facts alleged in the complaint and alleged that during the months of April and May, 1912, the season was rainy, very rainy, and that the right-of-way near the plaintiffs' residence and about the pond was so wet and boggy that the same could not be drained until the weather became dry about the first of June, and, as soon as it was possible to do so, the pond was drained and the water removed.

The testimony shows that the railroad company in the construction of the culvert through its roadbed made a depression on its right-of-way within 130 yards of the residence of appellants that filled with water and that had stood there a long time. It attempted to remedy the condition by the construction of a culvert in 1910, but made it worse, by digging out the ground lower than the culvert. The plaintiffs had served upon the station agent of the defendant at Arkadelphia, the station nearest his residence, a written notice, demanding that the pond of water be drained within twenty days after the service of the notice and of their intention to claim the penalty provided by law in the event it was not done.

The company drained the pond, beginning work June 2 and finishing June 5, 1912. Its division engineer having the work in charge testified that during April and May it was very wet and it was not possible to use scrapers in the work of draining and that it could not be done at a reasonable expense without their use. The road-master testified that his attention was called to the pond shortly after the notice was served and that he got the teams as quickly as he could get them and did the work. That he had been down there before and tried to get teams but could not procure any. That the weather conditions were responsible, chiefly for the delay, but they probably could have gotten started earlier in the work if

they had been able to get teams anywhere near the locality.

The court instructed a verdict for the defendant, and from the judgment thereon the plaintiffs prosecute this appeal.

*John H. Crawford,* for appellant.

Appellee was liable under sections 6647-8, Kirby's Digest. Due notice was given. 36 Cyc. 1103; 114 Wis. 169; 58 L. R. A. 93; 118 S. W. 41; 72 Ark. 195; 69 *Id.* 529; 59 *Id.* 244; 73 *Id.* 543; 182 U. S. 452; 95 Ark. 331. It was error to direct a verdict.

*E. B. Kinsworthy* and *W. G. Riddick,* for appellee.

1.   Appellee's failure was not wilful.   80 Ark. 499; 96 U. S. 699; 155 *Id.* 438; 169 Fed. 69.

2.   The statute should be strictly construed.   36 Cyc. 1180; 72 Ark. 367; 64 *Id.* 284.

3.   The delay was not either wilful or intentional. The work was done at the earliest possible moment.

Kirby, J., (after stating the facts).   The undisputed testimony shows that because of the extreme wet weather the pond could not have been drained during the twenty days after the notice was served upon the agent of the railroad company, unless at an unreasonable expense and that the work could have been begun sooner than it was if the company had been able to procure teams in the vicinity of the pond.   The law makes it (section 6646, Kirby's Digest, and Act 250 of the Acts of 1907) the duty of the railroad companies to drain their respective roadbeds, where water is caused to stand by reason of the construction of the road, within 200 yards of a farmhouse or residence or railroad station, by the construction of ditches or drains of sufficient capacity to carry off all the water rapidly.

Section 6647 provides: "Any railroad company, or corporation, or any officer or agent or employee of any such railroad company or corporation, who shall knowingly or wilfully violate the provisions of this act, shall be liable to pay a penalty of not less than fifty dollars

for each and every offense, and costs of suit, including a reasonable attorney's fee, to be taxed by the court where the same is heard on original action, by appeal, or otherwise, to be recovered by suit at law by the party aggrieved in any court of competent jurisdiction.''

Section 6648. ''Twenty days' notice shall be given to the officer, agent or employee, as the case may be, of any violation of this act, before a cause of action shall accrue.''

The written notice was served upon the station agent of the railway company nearest the location of the pond twenty days before the suit was brought and this was a sufficient compliance with the statute requiring notice to be given ''before a cause of action shall accrue.'' *St. L. & S. F. Rd. Co.* v. *Hale,* 82 Ark. 175. The statute only denounces a penalty against the railroad corporation, or its employees, ''who shall knowingly and wilfully violate the provisions of this act,'' and provides that twenty days' notice shall be given to the company of the violation of the statute ''before a cause of action shall accrue.''

The words ''wilfully and intentionally,'' as used in another penalty statute (Kirby's Digest, § 1899), making it a misdemeanor to destroy telephone lines and providing that persons guilty of such offenses shall pay to the owners double the amount of all damages sustained thereby, has been construed by this court. In *Ry.* v. *Batesville & W. T. Co.,* 80 Ark. 504, the court said: ''This is a criminal statute, and the words mean more than a mere doing voluntarily or knowingly the act in question. The use of the term 'wilful,' and in this case almost its synonym 'intentional,' in a criminal or penal statute 'implies knowledge and a preference to do wrong.' They mean in such statutes, 'not merely voluntarily, but with a bad purpose.' 'An evil intent without justifiable excuse.' 'Doing or omitting to do a thing knowingly and wilfully implies not only a knowledge of the thing, but a determination with a bad intent to do it or omit to do it.' '' Citing *Felton* v. *U. S.,* 96 U. S. 699;

*Evans* v. *U. S.*, 153 U. S. 586; *Potter* v. *U. S.*, 155 U. S. 438; *Spurr* v. *U. S.*, 174 U. S. 728.

This statute does not say "wilfully and intentionally," but "knowingly and wilfully," meaning that the act must be done, not only with the knowledge of the company, but with the intention that it shall be done. There may be a different shade of meaning of the word "wilfully" when connected and used with "knowingly," but these words have been construed together in statutes as quoted above by our court.

It was not the intention of the Legislature to denounce a penalty against the railroad company for mere failure to drain a pond caused by the construction of its roadbed, or it would not have used both words "knowingly and wilfully."

If any other meaning whatever is to be given to the expression "knowingly and wilfully" it must mean not only that the provisions of the law are knowingly violated, but with the intention and purpose that the condition created shall remain as it is.

It was the evident purpose of this act to protect the health of the citizens of the State, residing along and near the right-of-way of railroad companies, by requiring the draining of all pools and ponds resulting from the construction of the road bed, and it should receive a liberal construction on that account. It is true, it is a penal statute, but no penalty accrues, or can be recovered, until after twenty days' notice is given of the violation of the act. The railroad company knows the constructions of its roadbed and the condition of its right-of-way. It knows when construction is finished whether water will be likely to accumulate and stand along the right-of-way in violation of this law, which it also knows, and if it permits it to do so and such condition exists it is necessarily knowingly done. If it then fails within the twenty days after the notice to remove the nuisance and provide the proper drainage it can be said it has done so wilfully and with the intention that the condition

shall remain as it is and the water shall not be drained off and the nuisance abated.

The condition complained of by appellants had existed for two years before the notice was given, and was remedied in three days after the work was begun.

The testimony is in conflict as to whether or not the pond could have been drained any time before it was done after notice and also as to whether or not it could have been done during the running of the twenty days' notice and under all the circumstances made a question for the jury to determine, whether the railroad company knowingly and wilfully violated the provisions of the statute, within the meaning of its terms. The court erred in directing a verdict.

The judgment is reversed and the cause remanded for a new trial.